PER CURIAM.
Appellant pled guilty to the charge of possession of a firearm by a convicted felon. He was represented by counsel and the court conducted an inquiry to determine that his plea was voluntarily and in *427 telligently made. However, the following colloquy also occurred:
“THE COURT: . . . Now, tell the Court, did you actually do what you are charged with having done ? Did you actually have a firearm when you are a convicted felon?
THE DEFENDANT: Judge, your Honor, the firearm was in my car unknowing to me. The last time I seen it my wife had it. I’m guilty of possession of it because it’s my car.”
At sentencing appellant reiterated the claim that he didn’t know the gun was in his car.
In Kendrick v. State, Fla.App.2d, 1975, 308 So.2d 152, this court held that a guilty plea should not be accepted where the defendant denies facts which are essential to the commission of the crime even though these facts may appear elsewhere in the record. There may be instances, however, in which a defendant admits engaging in conduct which if accompanied by the requisite knowledge or intent would constitute the offense, but equivocates as to his state of mind at the time the conduct occurred. In such a situation, if the facts before the court clearly give rise to an inference that the requisite knowledge or intent existed, the court may accept a plea of guilty after having satisfied itself that the plea was made voluntarily and with an understanding of the nature of the charge and the consequences of the plea. See Professor Moore’s analysis of the similar Federal Rule requiring a factual basis for the plea at 8 J. Moore, Federal Practice § 11.03(4) (2d ed. 1975); Bruce v. United States, 1967, 126 U.S.App.D.C. 336, 379 F. 2d 113.
At first blush, the case sub judice seems to fall in this latter category because knowledge of the gun’s presence could be inferred since it was in the appellant’s automobile. Spataro v. State, Fla.App.2d, 1965, 179 So.2d 873. Yet, the record re-fleets that the appellant seemed to think he could "possess” the gun even though he didn’t know it was in his car. Hence, the guilty plea should not have been accepted without first insuring that appellant understood that knowledge of the presence of the gun in the car was an essential element of the crime with which he was charged. The judgment and sentence is hereby reversed, and the case is remanded so as to give the appellant the opportunity to change his plea to not guilty.
McNULTY, C. J., and HOBSON and GRIMES, JJ., concur.