316 So.2d 267 (1975)
John Henry WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 46697.
Supreme Court of Florida.
June 23, 1975.
Rehearings Denied August 28, 1975.
*269 James A. Gardner, Public Defender, and Harold H. Moore, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Richard G. Pippinger, Asst. Atty. Gen., for respondent.
OVERTON, Justice.
This cause is before us on petition for writ of certiorari to review an as yet unreported decision of the Second District Court of Appeal.[1] Conflict is alleged with Lyles v. State, 299 So.2d 146 (Fla.App. 1st 1974). At issue is the proper interpretation of that part of Rule of Criminal Procedure 3.170(j) which requires the trial court, when receiving a guilty plea, to determine "that there is a factual basis for the plea of guilty."
*270 In the instant case, the Second District found that the trial court had failed to determine a factual basis for the plea of guilty, but that this failure did not require a reversal and a vacation of the guilty plea absent a showing that the defendant was prejudiced by noncompliance with the rule. The District Court further recognized that its decision directly conflicted with Lyles v. State, supra. Because of the conflict and its belief that the decision passed upon a question of great public interest, the District Court certified to us the following question:
"IS IT REVERSIBLE ERROR FOR THE TRIAL COURT TO HAVE ACCEPTED A PLEA OF GUILTY WITHOUT FIRST ASCERTAINING THAT THERE IS A FACTUAL BASIS FOR THE PLEA OF GUILTY WHERE THE DEFENDANT DOES NOT CONTEND THAT THERE WAS NO FACTUAL BASIS FOR THE GUILTY PLEA OR THAT HE WAS MISTAKEN IN THE BELIEF THAT HIS CONDUCT AMOUNTED TO AN ADMISSION OF THE CRIME CHARGED AND TO WHICH HE PLEADED GUILTY?"[2]
There is conflict in the decisions of the District Courts, and we agree that the issue is creating confusion in the criminal justice system and must be definitively answered. We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
Rule of Criminal Procedure 3.170(j), requiring interpretation, reads as follows:

"Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty.
"A complete record of the proceedings at which a defendant pleads shall be kept by the court."
This rule is patterned in part after Federal Rule 11 and Standard 1.6, American Bar Association Standards of Criminal Justice. It sets out the guidelines necessary to meet the requirements expressed in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).
The taking of a guilty plea is one of the most important tasks of a trial judge.[3] As many as ninety percent of the criminal felony cases in a particular jurisdiction may be disposed of by a guilty plea. Surprisingly, fifty to sixty percent of the post-conviction proceedings heard in the federal and state courts come from defendants who have entered a plea of guilty. This illustrates the importance of a proper and thorough inquiry by the court at the time of the guilty plea in order to insulate the plea from unnecessary appellate and post-conviction proceedings.
A plea of guilty is both a confession and a conviction. By entering a plea *271 of guilty, the defendant is consenting to the judgment of conviction. Boykin v. Alabama, supra. Clearly, it is an extremely important step in the criminal process and should not be hurried or treated summarily.[4]
Our Criminal Rule 3.170 principally sets forth necessary procedural steps to comply with the constitutional mandate of Boykin v. Alabama, supra. The defendant must be present before the court, and the proceedings must be recorded. The following are the three essential requirements for taking a guilty plea: (1) the plea must be voluntary; (2) the defendant must understand the nature of the charge and the consequences of his plea; and (3) there must be a factual basis for the plea.
To understand the reason for determining a "factual basis for a plea," it is necessary first to discuss the purpose of each of the other elements.
First, a plea must be voluntary. The purpose of this requirement is to ensure that the plea is made of a defendant's own free will without threats or coercion. Boykin v. Alabama, supra; Brady v. United States, supra. A guilty plea is not deemed coerced because a defendant is influenced by the fear of a possibly higher penalty for the crime charged in the event the State is put to its proof, provided there is no specific threat or statement made by the judge or prosecutor. Brady v. United States, supra. In the words of the United States Supreme Court: "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970).
Second, a defendant must understand the nature of the charge and the consequences of his plea. The purpose of this requirement is to ensure that he knows what particular act he has committed, what law he has violated, and what maximum penalty may be imposed for the offense with which he is charged. He must also know that entry of a guilty plea constitutes a waiver of certain constitutional rights, specifically his right to remain silent, have a jury trial, have process to obtain witnesses on his behalf, and confront witnesses who are his accusers. Boykin v. Alabama, supra. If he has raised defenses in the proceeding, such as a motion to suppress evidence, he should understand that he has waived these defenses by pleading guilty. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).
The third element, which is the primary issue in this proceeding, requires the trial court to determine whether there is a factual basis for the plea. In addressing this issue, we must consider (1) the purpose of the requirement; (2) what the phrase "factual basis for a plea" requires a trial court to do; and (3) what sanction or relief is imposed for a trial court's failure to comply with this requirement.
The sole purpose of the provision is to determine the accuracy of the plea, thereby avoiding a mistake. The trial judge, under this provision, is to ensure that the facts of the case fit the offense with which the defendant is charged. The purpose has been more fully expressed in the committee notes to Federal Rule 11:
"A new sentence is added at the end of the rule to impose a duty on the court in cases where the defendant pleads guilty to satisfy itself that there is a factual basis for the plea before entering judgment. The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the *272 conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty. Such inquiry should, e.g., protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge. For a similar requirement see Mich. Stat. Ann. § 28.1058 (1954); Mich.Sup. Ct. Rule 35A; In re Valle, 364 Mich. 471, 110 N.W.2d 673 (1961); People v. Barrows, 358 Mich. 267, 99 N.W.2d 347 (1959); People v. Bumpus, 355 Mich. 374, 94 N.W.2d 854 (1959); People v. Coates, 337 Mich. 56, 59 N.W.2d 83 (1953). See also Stinson v. United States, 316 F.2d 554 (5th Cir. 1963). The normal consequence of a determination that there is not a factual basis for the plea would be for the court to set aside the plea and enter a plea of not guilty."[5]
The Florida rule containing this provision was proposed by a committee created by this Court to submit Rules of Criminal Procedure necessary to implement the American Bar Association Standards of Criminal Justice. Florida Criminal Rule 3.170(j) was written to implement Standard 1.6, Pleas of Guilty, American Bar Association Standards of Criminal Justice. That Standard provides:
"1.6 Determining accuracy of plea.
"Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea."
The comment following the Standard discusses its purpose and says in part:
"... [T]he risk that a plea which is obtained without resort to threats or other improper inducements and which is entered with full understanding of the possible consequences might nonetheless be inaccurate remains a matter of concern... ."
This comment recognizes that a plea may meet the test of voluntariness, knowledge and understanding of the consequences, yet still be inaccurate.
Clearly, the purpose is to avoid a defendant's mistakenly entering a plea of guilty to the wrong offense. To preclude this possibility, the trial judge is given considerable discretion to determine whether there is a factual basis for the plea. As stated in the commentary to Standard 1.6, Pleas of Guilty:
"... Many judges make a detailed inquiry of the defendant concerning the precise nature of his conduct. Others use a post-plea-of-guilty hearing, at which physical evidence or statements may be produced or witnesses may be examined. Elsewhere judges have required that the presentence investigation focus more directly upon the facts surrounding the alleged crime to which the defendant has entered a plea....
* * * * * *
"Consistent with the position taken in the revision of Federal Rule 11, no attempt is made here to state specifically a particular probability of guilt standard for this inquiry. The matter is left largely to the discretion of the judge. The circumstances of the case will often dictate the kind and amount of inquiry which is necessary. Nor is any attempt made in the standard to limit the kind or extent of the inquiry. The revision of Federal Rule 11 does not require a particular kind of inquiry, and the committee note thereto observes that the court may satisfy itself `by inquiry of the defendant or the attorney for the government, *273 or by examining the presentence report, or otherwise....' Thus, under the standard the judge would be free to utilize any appropriate procedure which seems best for his court and for the kind of case involved."
We agree that the trial court should have broad discretion in determining the type of procedure to be utilized for the reception of factual information necessary to establish the elements of the offense for which the defendant has entered a plea of guilty. The circumstances of the case control the nature and extent of the inquiry for this factual information. We hold that the court may satisfy itself by statements and admissions made by the defendant, his counsel, and the prosecutor; by factual evidence heard or filed in the cause, i.e., preliminary hearings, motions to suppress, or depositions taken in the cause. Under appropriate circumstances, the presentence investigation report may be used to present this factual information to the trial court. These are not the exclusive means for a trial court to reach a determination. The trial court is free to utilize whatever procedure is best for the particular case before it to ensure that the defendant is entering a plea to the proper offense under the facts of the case. But whatever method is employed, the court should indicate for the record the source of the factual information supporting the plea.
Petitioner contends that failure to comply fully with the "factual basis for the plea" provision should result in the plea being set aside under McCarthy v. United States, supra. We disagree. We do concede that if the defendant claims a defense during the course of the guilty plea proceeding, e.g., lack of criminal intent or self-defense, the plea is subject to attack unless the defendant specifically and understandingly waives that defense. It is this latter situation that caused the United States Supreme Court to reverse in McCarthy v. United States, supra. The plea in McCarthy was entered without any inquiry of the defendant concerning the offense. He was not even asked the standard question: "Are you entering this plea of guilty to the offense because you are guilty and for no other reason?" At the subsequent sentencing hearing, the defendant asserted that his failure to pay taxes was "not deliberate" but was a result of his "poor health" and his "neglectful" and "inadvertent" method of bookkeeping caused by a serious drinking problem. There was no inquiry into whether the defendant personally understood the nature of the charge. It is clear that the record in the McCarthy case raised a serious question concerning not only the factual basis for the plea but also the defendant's knowledge of the plea consequences.
The vacation of a guilty plea is not the sole remedy when the trial judge fails to establish in the record the necessary factual basis for a plea of guilty. There is no Florida rule setting guidelines for plea withdrawal after sentence.[6] However, requirements for a plea withdrawal subsequent to sentence are set forth in Standard 2.1, Pleas of Guilty, American Bar Association Standards of Criminal Justice. That Standard is as follows:
"Plea withdrawal.
"(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.
"(i) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, *274 and is not necessarily barred because made subsequent to judgment or sentence.
"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:
"(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;
"(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;
"(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed;
"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement; or
"(5) he did not receive the charge or sentence concessions contemplated by the plea agreement concurred in by the court, and he did not affirm the plea after being advised that the court no longer concurred and being called upon to either affirm or withdraw his plea.
"(iii) The defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered.
"(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." [Emphasis supplied]
We agree with this Standard. It is in accordance with Richardson v. State, 246 So.2d 771, 774 (Fla. 1971), where we said:
"... [W]e hold that the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant... ."
The quoted American Bar Association Standard clearly puts the burden on the defendant to "prove" a "manifest injustice" has occurred. In other words, clear prejudice must be shown.[7] Applying this Standard to the appellant-Williams, we find that the record in the instant case shows no manifest injustice. The appellant had been convicted by a jury of one offense of selling heroin and was entering a negotiated plea on five separate major drug offenses. The transcript reflects his primary interest was the duration of his sentence. In accordance with Standard 2.1, (a) he had the effective assistance of counsel; (b) the guilty plea was entered by himself personally; (c) the plea was entered voluntarily with knowledge of the charge and the sentence that could be imposed; and (d) he received a proper sentence as contemplated by the plea agreement that he and his counsel negotiated with the State.
The ruling by the United States Supreme Court in McCarthy is distinguishable, and the sanction requiring the plea to be vacated is not constitutionally required. In the words of the Supreme Court:
"... This decision is based solely upon our construction of Rule 11 and is made pursuant to our supervisory power over the lower federal courts; we do not *275 reach any of the constitutional arguments petitioner urges as additional grounds for reversal." [Emphasis supplied] McCarthy v. United States, 394 U.S. at 464, 89 S.Ct. at 1169, 22 L.Ed.2d at 424.
We do not feel it necessary to impose this drastic sanction in order to obtain compliance with our rule, particularly when the plea is negotiated. It is our opinion that under the circumstances of this case, where the record clearly reflects the voluntariness of the plea and the fact that the defendant understood the nature and consequences of his plea agreement, the failure of the trial judge to fully determine whether the defendant mistakenly entered a plea to the wrong offense is no ground to vacate the plea absent a showing of prejudice or manifest injustice.
The certified question is answered in the negative, and the decision of the District Court is affirmed.
It is so ordered.
ADKINS, C.J., ROBERTS, J., and CARLISLE, Circuit Judge, concur.
ENGLAND, J., concurs with an opinion.
ENGLAND, Justice (concurring).
The result reached by the majority in this case is presently practical and constitutionally permissible. For these reasons I join with my colleagues in answering the certified question in the negative.
I cannot help wonder, however, whether the latitude we are giving trial judges today will not produce unnecessary judicial problems in the future. Individuals residing in our jails and correction centers as a result of negotiated convictions and sentences have little reason not to bring to our courts their offer to prove "manifest injustice", or whatever other term the Court may from time to time prescribe, in the acceptance of the plea.[1] Absent a factual basis for the plea in the record, and assuming we maintain our Rule on this point in its present form, our courts will have to entertain these challenges and resort as best they are able to proof behind the record.[2]
It seems to me better in the long run to require a factual finding in the record in all cases.[3] The additional time that would be used during these required proceedings is inconsequential, both absolutely[4] and when compared with the subsequent judicial effort which can be wholly precluded. In this particular situation, a strict construction of our Rule would not cause harm, expense or delay, while the majority's more liberal interpretation can place unneeded (but avoidable) potential burdens on the court system of this state.
NOTES
[1] Williams v. State, 316 So.2d 303 (Fla.App.2d 1974).
[2] This question was initially certified to us in Hall v. State, 303 So.2d 417 (Fla.App.2d 1974), in which a separate opinion is rendered.
[3] Note 7 of Boykin v. Alabama quoted with approval the following excerpt from Commonwealth ex rel. West v. Rundle, 438 Pa. 102, 105-106, 237 A.2d 196, 197-198 (1968):

"`A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.'"
[4] The trial judges of this state have been in the forefront of developing a suitable procedure for taking a plea. A dialogue of questions to be used when taking a guilty plea was included in the materials given to the trial judges of this state at the Florida Judicial Seminar in 1967 and the Florida Institute for the Judiciary, 1972.
[5] The new proposed Federal Rule 11 is more extensive and explicit concerning other requirements for taking a guilty plea. It retains, however, the same language as the present rule as regards a factual basis for the plea.
[6] Our present rules provide for withdrawal of a guilty plea at any time before sentence, and such a withdrawal is within the discretion of the trial judge upon good cause being shown. RCrP 3.170(f).
[7] Costello v. State, 260 So.2d 198 (Fla. 1972), and Brown v. State, 245 So.2d 41 (Fla. 1971), are not controlling. In each of these instances the defendant established to the satisfaction of the majority that he had been prejudiced by an honest misunderstanding, which contaminated the voluntariness of the plea.
[1] Undoubtedly the possibility of rescinding the bargain and conducting the obviated trial will deter those convicted individuals whose negotiated sentences are significantly shorter or less harsh than the maximum sentence to which they were exposed for the crimes they admit. Even this concern, however, diminishes in time as the prospect of proving the state's case becomes more remote.
[2] The majority's requirement that the record indicate the source of the factual information will focus, but it will not preclude, judicial review. The extent of misunderstanding or injustice will still be reviewable, as were like matters outside the record in Costello v. State, 260 So.2d 198 (Fla. 1972), and Brown v. State, 245 So.2d 41 (Fla. 1971).
[3] I would only adopt this interpretation prospectively, however.
[4] In this case, the trial court's plea dialogue with the defendant is reflected in 18 typed pages of trial transcript. The additional questions and answers which would have been necessary to establish a factual basis for the pleas in the record would have required only moments of time and a nominal expansion of the transcript.