RAWLS, Acting Chief Judge.
The controlling question before this Court is: Did the trial court err in setting aside appellant’s not guilty plea ?
Appellant Allen was informed against in Okaloosa County for grand larceny, i. e., stealing roof shingles, in a value in excess of $100.00. Allen initially plead not guilty, but thereafter appeared in court accompanied by his public defender lawyer and told the judge that he wished to withdraw his plea of not guilty and enter a plea of guilty. Allen’s public defender and the assistant state attorney at this time told the judge that the plea of guilty was pursuant *97 to plea negotiations, in which the state had agreed it would recommend probation and that if after a presentence investigation the court could not see fit to grant Allen probation, that the court would allow Allen to withdraw his guilty plea. The court asked Allen to state to the court what had happened on the day of the alleged incident. Allen replied, “I don’t know, your honor. I am charged with it, but I wasn’t in it,” Thereafter the judge had the assistant state attorney recite the facts which the state was prepared to prove at trial. After this recitation, Allen responded that those were the facts to which he was offering to plead guilty. The court then accepted Allen’s plea of guilty and ordered a presen-tence investigation.
When the day for sentencing arrived, the trial judge informed Allen that he was concerned about matters contained in the presentencing report which revealed that Allen had a long record as a juvenile, had been placed on probation and had repeatedly violated his terms of probation. In addition, the trial judge told Allen that he found in the presentence investigation that Allen had plead nolo contendere to passing a worthless check between the time he had plead guilty to the grand larceny charge and the date of the sentencing. At this juncture, Allen stated that he was not guilty of the grand larceny offense and that the only reason he had plead guilty was to get the matter over with and get his life straightened out. The trial judge responded by telling Allen that he was going to give him the opportunity to withdraw his plea and enter a plea of not guilty and set the matter for trial. Allen made no response, and the trial judge postponed the whole matter until later in the afternoon. When court reconvened that afternoon, the trial judge set the grand larceny charge for trial beginning at 9:00 a. m. on March 5, 1975.
When the trial date arrived, the assistant state attorney moved to reinstate Allen’s guilty plea on the basis that no grounds had been shown for withdrawing the negotiated plea of guilty. Allen was not consulted about this motion nor did he, through his attorney, join in the move to reinstate the guilty plea. The trial judge reinstated Allen’s guilty plea and placed Allen on five years probation with the stipulation that he make restitution to the victim, that he pay the public defender for his services, and, in addition, that each weekend during the first year of probation in which Allen was not working that he report to the Okaloosa County Jail to be confined.
Allen, argues here that the trial judge erred on the day of trial in setting aside his plea of not guilty. We agree. It is within the discretion of the trial judge to determine whether he will accept a change of plea from not guilty to guilty. In accepting a plea of guilty there must be shown a factual basis to support the plea.[1] In this case, Allen consistently contended when he was before the trial judge that he was not guilty of the crime charged. With the lack of factual basis to support the plea of guilty, the trial judge did not abuse his discretion when he withdrew Allen’s plea of guilty. Where the trial judge erred was entertaining the state’s motion to reinstate Allen’s plea of guilty.
Appellant Allen has a constitutional right to insist upon being tried by .a jury of his peers, arid if the -end result is a harsher consequence than the one tendered by the trial judge, it is a decision for Allen alone to make, not the judge. We commend this trial judge for the compassion he displayed on behalf of Allen; however, the law requires this Court to reverse the judgment appealed with directions that the trial judge reinstate appellant Allen’s plea of not guilty.
Reversed.
MILLS and SMITH, JJ., concur.

. Williams v. State, Fla., 316 So.2d 267, opinion filed June 23, 1975.