DAUKSCH, Judge.
Two grounds for appeal are alleged, both of which we find are without merit. One, *782 that the Defendant did not voluntarily and intelligently tender her plea of guilty. Two, that the court sentenced her to prison because she was unable to make restitution to her victims, thus an imprisonment for debt violative of Article I, Section II, Florida Constitution.
A review of the colloquy between the trial judge and the Defendant at the time of the entry of the guilty plea indicates the judge complied with the requirements of Williams v. State, 316 So.2d 267 (Fla.1975).
At the time of sentencing the Assistant State Attorney when asked by the court if he had anything to say “in aggravation of the circumstances” replied, “I don’t think the interest of justice would be served by putting her on probation. I feel like the local merchants are out a great deal of money, which she has utterly no way to make restitution thereto, and I suggest the court impose the maximum sentence.” Since the Defendant pleaded guilty to three five-year felonies, obtaining property by worthless check, the maximum sentence would have been 15 years imprisonment and $15,000. The judge sentenced her to 10 years in the state penitentiary and $1.00.
There is no evidence in the record to support the contention of the Defendant that the judge followed the advice of the prosecutor in his sentence, and we note the Defendant was not given the maximum sentence, and we are aware from the record that other charges of worthless check violations were not prosecuted. It is noted that several of the checks in question were for groceries, and the sentence may appear severe to this apparently previously uncon-victed mother of four small children. However, this court does not have before it the complete record that was before the trial court; and it is well established that this court has no authority to review a legally imposed sentence. It is not suggested that such a review would be necessarily advisable, since the law does allow for review of sentences through pardon, commutation, and parole.
AFFIRMED.
ANSTEAD, J., concurs.
ALDERMAN, J., concurs in result only.