PER CURIAM.
Laird was found guilty of “escape” in violation of section 944.40, Florida Statutes (1979), and the trial judge sentenced him to five years imprisonment. “Escape” is a second degree felony, for which a court may sentence a defendant to imprisonment for up to 15 years.[1]
Laird had been serving a 475 day sentence for burglary at the Orange County Court Alternative Center, and he was scheduled for release on June 27, 1979, approximately three months after his escape. He was notified that his eighty year old mother, who was living in Ohio, had suffered an accident and was not expected to live. Laird asked for a furlough to see his mother, but his request was denied. While on a weekend furlough within Orange County, Laird telephoned to check his mother’s progress and was told her condition was failing. He hitchhiked to Ohio, but his mother died before he arrived. Laird turned himself in to police in Ohio four months later.
We are powerless to reverse or amend this judgment because there was sufficient evidence to uphold Laird’s conviction, no error occurred in jury instructions, and the sentence imposed was within the legal limits. McInnes v. State, 345 So.2d 781 (Fla. 4th DCA 1977). However, the harshness of the sentence, under the circumstances, deserves comment. Justice should be tempered with mercy and understanding. They appear to have been overlooked in this case.
AFFIRMED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
COBB, J., concurs specially with opinion.

. § 775.082(3)(c), Fla.Stat. (1979).