HOBSON, Acting Chief Judge.
Carroll Dennis Ford appeals an order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand.
Appellant was charged with obtaining property valued at one hundred dollars by means of a worthless check, in violation of section 832.05, Florida Statutes (1979). After a jury was impanelled to try the case, appellant, pursuant to a plea bargain, changed his plea from not guilty to nolo contendere. The trial court thereupon filed an order withholding adjudication of guilt and placing him on probation. Subsequently, the court revoked his probation and then rendered an order adjudicating him guilty and sentencing him to a five-year term of imprisonment, the statutory maximum. See § 775.082(3)(d), Fla.Stat. (1979).
Appellant alleged in his Rule 3.850 motion that his nolo contendere plea was involuntarily entered in that the trial court purportedly failed to inform him of the maximum sentence he could receive on the charge if his probation was revoked. He asserted, in other words, that he was unaware of the direct consequences of the plea. Such claim, if true, would entitle him to relief. See Florida Rule of Criminal Procedure 3.172(c)(i). Cf. Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 760 (1970); Green v. State, 406 So.2d 1148 (Fla. 1st DCA 1981), affirmed, 421 So.2d 508 (Fla.1982).[1] However, the court below neither held an evi-dentiary hearing with respect to the allegation nor attached portions of the record below to its summary order which conclusively refute such allegation.
On a different matter, as appellant and the state point out, the written judgment of guilt incorrectly indicated that appellant was tried and found guilty of the crime.
*1337 Accordingly, we reverse the order denying the motion and remand with instructions that the court below either summarily deny the motion again and, if so, attach portions of the record below which conclusively demonstrate that appellant is not entitled to relief, or, if the record does not definitely refute the allegation, conduct an evidentiary hearing in order to determine whether he is entitled to relief. See, e.g., Meeks v. State, 382 So.2d 673 (Fla.1980); Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Jones v. State, 421 So.3d 55 (Fla. 1st DCA 1982). In order to obtain further review of any subsequent ruling of the court below, the aggrieved party must appeal anew. We also direct the court on remand to correct the written judgment to reflect that appellant entered a plea of nolo contendere.
REVERSED and REMANDED.
RYDER and LEHAN, JJ., concur.

. After a sentence is imposed following a plea, the burden is on the defendant to prove that a manifest injustice has occurred. LeDuc v. State, 415 So.2d 721 (Fla.1982); Williams v. State, 316 So.2d 267 (Fla.1975). By showing that a plea has been entered involuntarily or without knowledge that the sentence imposed could be imposed, the defendant proves a manifest injustice. As stated in the ABA Standards Relating to the Administration of Criminal Justice, Pleas of Guilty, 14-2.1 (1979), quoted with approval in Williams, 316 So.2d at 273-74,

Plea withdrawal.

[[Image here]]
(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:
[[Image here]]
(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; ....