PER CURIAM.
This is an appeal from a summary denial of a motion to vacate pursuant to Rule 3.850 Fla.R.Crim.P.
The defendant’s first claim is of ineffective assistance of counsel. This is refuted by the plea colloquy and therefore is without merit. See Knight v. State, 394 So.2d 997 (Fla.1981). The defendant’s second claim is of failure to establish a factual basis for the plea. There is no showing in the record that the state submitted any facts whatsoever to support the plea. The state contends, and we agree, that there was no allegation of prejudice or manifest injustice in this regard, (as shown by the indictment and the defendant’s admissions in a subsequently filed motion to mitigate) thus the trial court will be affirmed. See State v. Kendrick 336 So.2d 353 (Fla.1976); Williams v. State, 316 So.2d 267 (Fla.1975); Fitzpatrick v. State, 414 So.2d 1121 (Fla. 1st DCA 1982). The final point alleged that the defendant pleaded guilty through an interpreter who he did not fully understand and who pleaded him guilty to second degree murder when the interpreter knew the defendant did not intend to plead guilty to second degree murder but intended to plead guilty to manslaughter. While the record of the plea colloquy indicates an interpreter was present there is no indication that he was used and there is nothing to refute this allegation. The state admits this deficiency. This cause is hereby returned to the trial court to attach to its summary denial the records refuting the allegation or to conduct an evidentiary hearing thereon.
Therefore the order under review is reversed and the matter is returned to the trial court to attach to any summary denial the record refuting allegations as they may relate to the understanding of the interpreter or to conduct an evidentiary hearing. Any order entered thereon or thereafter is to be reviewable by a new appeal. Lambert v. State, 446 So.2d 243 (Fla. 1st DCA 1984).
Reversed and remanded with directions.