PER CURIAM.
Micky Park appeals from the trial court’s denial of his motion, pursuant to rule 3.850, Florida Rules of Criminal Procedure, for post-conviction relief. Appellant was charged with first degree murder and armed robbery, both crimes having occurred before October 1, 1983. The appellant pled guilty to second degree murder and armed robbery with the understanding that he would receive a ninety-nine year sentence on each count, to run concurrently, with the court retaining jurisdiction over one-third of each sentence. The appellant was sentenced on November 23,1983. The trial judge accepted the plea and imposed the agreed upon sentence.
In his motion for post-conviction relief, the appellant alleges that his guilty plea was involuntary because neither the trial judge nor his attorney informed him of his right to elect sentencing under the new sentencing guidelines. The appellant also argues that the trial court erred in retaining jurisdiction over his sentence.
The trial judge denied the motion on the grounds that it exceeded the time required by law and was facially insufficient. Rule 3.850 gives any person whose judgment and sentence became final before January 1, 1985, until January 1, 1987, to file a 3.850 motion seeking post-conviction relief. Appellant’s motion was filed in July 1986, and is therefore clearly timely.
We next consider appellant’s contention that his guilty plea was involuntary. In Williams v. State, 316 So.2d 267 (Fla.1975) the court held that one of the essential requirements for a voluntary guilty plea is that the defendant understand “what maximum penalty may be imposed for the offense with which he is charged.” 316 So.2d at 271. If the appellant was indeed entitled to elect sentencing under the guidelines, he should have been informed of this right.
The appellant was not entitled to elect sentencing under the guidelines on the first-degree murder charge. Section 921.001(4)(a), Florida Statutes (1983), provides:
The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital and life felonies, *1381 committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.
First degree murder is a capital felony and thus not subject to the guidelines. § 782.-04, Fla.Stat. (1983). Hence, the appellant became subject to the guidelines only by virtue of his plea bargain, which specified a ninety-nine year sentence. We do not find that appellant’s plea was involuntary in this situation.
The appellant was, however, entitled to elect sentencing under the guidelines on the charge of armed robbery, a first degree felony. § 812.13, Fla.Stat. (1983). We therefore reverse the order denying the appellant’s 3.850 motion, and remand to the trial court for an evidentiary hearing to determine whether the appellant was informed of his right to elect sentencing under the guidelines on the armed robbery charge. We find no merit to appellant’s contention that the court erred in retaining jurisdiction over his sentence.
REVERSED and REMANDED.
JOANOS and WIGGINTON, JJ., and WILLIS, BEN C. (Ret’d), Associate Judge, concur.