605 So.2d 936 (1992)
Nicholas Jay DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2451.
District Court of Appeal of Florida, First District.
September 25, 1992.
Nancy A. Daniels, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant, Nicholas Jay Davis, seeks review of the denial of his motions for post conviction relief and to withdraw plea, and the sentence imposed pursuant to his plea of guilty to charges of first degree murder and kidnapping. Appellant's challenge to the denial of his motion to withdraw plea is predicated upon the alleged failure of the trial court to determine an independent factual basis for the essential elements of the crimes charged. We reverse the order denying appellant's motion to withdraw plea and remand for further proceedings.
The procedural background of this case is somewhat involved. On September 11, 1990, after a jury had been selected, appellant withdrew his plea of not guilty, and entered a plea of guilty as charged to first degree murder and kidnapping. A plea colloquy was conducted, after which the court found the plea to be made knowingly, intelligently, and voluntarily. A presentence investigation was ordered, and a sentencing date was set. Shortly thereafter, appellant wrote a letter to the trial court, expressing criticism of his counsel and indicating his desire to withdraw his plea. At sentencing, the trial judge acknowledged receipt and review of the presentence investigation report, and proceeded immediately to sentencing. Appellant's counsel advised the trial court that after receiving the copy of appellant's letter which the court had furnished to him, he [appellant's counsel] had no further contact with appellant. Appellant's counsel was permitted to *937 withdraw from the representation. The trial court reminded appellant that the court previously had determined that the plea was voluntary, and was entered with full awareness of the charges and the consequences, and denied appellant's request to withdraw his plea. Appellant was sentenced to life imprisonment with a 25-year mandatory term for the first degree murder conviction, and to a concurrent 7-year term of incarceration for the kidnapping conviction.
Appellant filed a pro se motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, raising as grounds therefor ineffective assistance of counsel and a coerced plea. Subsequently appointed counsel supplemented appellant's rule 3.850 motion with a motion to withdraw the guilty plea, alleging, among other things, (1) the trial court's failure to comply fully with Florida Rule of Criminal Procedure 3.172(c); (2) the absence of a factual basis for the plea; (3) the absence of a determination as to whether good cause existed for withdrawal of the plea; and (4) appellant's youth and his limited experience with the judicial system.
A different judge conducted the proceedings on the motions filed after appellant's sentencing. The new judge determined that a factual basis for the plea had not been placed upon the record when the plea was accepted, but was of the view that the prior judge had knowledge, through receiving the plea of appellant's co-defendant, that all the essential elements of the crime could be presented to the jury. Appellant's newly appointed counsel argued that an independent factual basis for the plea had to be placed upon the record. The second judge denied the rule 3.850 motion with respect to the allegations of ineffective assistance of counsel. Further ruling that appellant was without representation at a critical stage of the proceedings when he filed his pro se motion to withdraw the guilty plea, the judge vacated the judgment and sentence, and scheduled another hearing on appellant's motion to withdraw plea.
Thereafter, the motion to withdraw plea was argued without introduction of additional evidence. The order denying the motion reflects that the trial court reviewed and incorporated by reference the transcripts of appellant's plea and sentencing hearings, as well as the transcript of his co-defendant's plea proceeding before the same judge. The co-defendant's testimony sets forth the circumstances of the crimes charged in grisly detail. Appellant's testimony, at both the plea and sentencing hearings, reflects that he did not dispute that he committed the acts with which he had been charged, but due to his intoxication at the time in question, he had no memory of having done so. The trial court's order states that appellant said the last thing he could remember was getting "pretty drunk." Appellant was re-sentenced to life with the 25-year mandatory term on the murder count, and was sentenced to a concurrent 4 1/2-year term on the kidnapping count.
Florida Rule of Criminal Procedure 3.170(f) provides that a plea may be withdrawn at any time before sentence, at the discretion of the trial judge, "upon good cause being shown." Williams v. State, 316 So.2d 267, 273 n. 6 (Fla. 1975). After sentence has been imposed, "in order to challenge a guilty plea for lack of a factual basis determination by the trial judge, a defendant must show prejudice or manifest injustice." State v. Kendrick, 336 So.2d 353, 355 (Fla. 1976). See also Williams, 316 So.2d at 273-274.
In Williams, in response to a certified question, the supreme court provided a definitive explication of the requirement that a factual basis be determined prior to acceptance of a plea. The court explained that the circumstances of each case control the nature and extent of the inquiry for factual information, which information may be gleaned from (1) statements and admissions made by the defendant, his counsel, and the prosecutor; (2) factual evidence heard or filed in the cause, i.e., preliminary hearings, motions to suppress, or depositions taken in the cause; and (3) in appropriate circumstances, a presentence investigation report may be used. The court adjured that "whatever method is employed, the court should indicate for the record the source of the factual information supporting *938 the plea." 316 So.2d at 273. See also Pierce v. State, 318 So.2d 501 (Fla. 1st DCA 1975).
The purpose of the factual basis requirement is to insure "that the facts of the case fit the offense with which the defendant is charged." Williams, 316 So.2d at 271. In other words, "a plea may meet the test of voluntariness, knowledge and understanding of the consequences, yet still be inaccurate." Id., at 272. Moreover, where a defendant claims a defense during the plea proceeding, such as lack of criminal intent or self defense, "the plea is subject to attack unless the defendant specifically and understandingly waives that defense." Id., at 273. See also State v. Kendrick, 336 So.2d 353 (Fla. 1976); State v. Lyles, 316 So.2d 277 (Fla. 1975); Williams v. State, 534 So.2d 929 (Fla. 4th DCA 1988); Eisaman v. State, 440 So.2d 470 (Fla. 5th DCA 1983); Monroe v. State, 318 So.2d 571 (Fla. 4th DCA 1975); Thacker v. State, 313 So.2d 426 (Fla. 2d DCA 1975), cert. denied, 327 So.2d 35 (Fla. 1976).
In Kendrick, the court noted:
Where a defendant raises the possibility of a defense to his guilty plea, the potential prejudice is apparent. In such circumstances, a trial judge should make extensive inquiry into factual basis before accepting the guilty plea.
336 So.2d at 355. The court cited its prior decision in Lyles, which set forth the procedure to be followed when a plea is entered and accepted in the foregoing circumstances. The court concluded the plea should not be vacated; rather, the cause should be remanded "to the trial court for the following purposes: (a) to make inquiry of the defendant and his counsel concerning their discussions relative to the defenses to the charge; (b) to receive evidence of a factual basis for the plea; and (c) to allow the defendant an opportunity to present evidence on his own behalf to show how, if at all, manifest injustice occurred." Kendrick, 336 So.2d at 355, quoting Lyles, 316 So.2d at 279.
We conclude the trial court could find a factual basis for the plea at issue in this case through reference to the plea colloquy with appellant's co-defendant, which was conducted by the same judge. Although the trial court did not indicate the source of the factual information supporting the plea, see Williams, 316 So.2d at 273, we find appellant suffered no prejudice in this regard. The record in this case is clear that appellant was aware of the specific criminal acts with which he had been charged, and to which he pled. Nevertheless, appellant testified without contradiction, at both the plea and the sentencing proceedings, that he was too intoxicated at the time the offenses were committed to know whether he actually committed the acts at issue. Voluntary intoxication is a defense to the specific intent crime of first degree murder. Gardner v. State, 480 So.2d 91, 92 (Fla. 1985); Burch v. State, 478 So.2d 1050 (Fla. 1985). Therefore, appellant's statements raised the possibility of a defense, i.e., that he lacked the specific intent to commit the crime charged. At that point, the trial judge was obligated to inquire further, to determine whether a defense existed, and if so, whether appellant was aware of, and knowingly waived, such possible defense.
Accordingly, the order denying appellant's motion to withdraw his pleas is reversed and on remand the trial court is instructed to conduct an extensive inquiry into appellant's possible defense.
ZEHMER and ALLEN, JJ., concur.