PER CURIAM.
This appeal arises from an order of the trial court denying appellant’s motion to withdraw his plea of guilty after a remand from this court. We affirm.
In the prior appearance of this case in Davis v. State, 605 So.2d 936 (Fla. 1st DCA 1992), Davis argued that the trial court failed to determine an independent factual basis for accepting his plea of guilty to kidnapping and murder. The court rejected the argument, concluding that the trial court could have found a factual basis for the plea through reference to the plea colloquy of Davis’ co-defendant. Davis, 605 So.2d at 938. This court did, however, reverse and remand because the record indicated that Davis may not have knowingly waived a possible voluntary intoxication defense. On remand, the trial court was ordered to: (1) make inquiry of the defendant and his counsel concerning their discussions relative to the voluntary intoxication defense; (2) receive evidence of a factual basis for the plea; and (3) allow the defendant an opportunity to present evidence on his own behalf to show how, if at all, manifest injustice occurred. Davis (relying on State v. Kendrick, 336 So.2d 353 (Fla.1976), and State v. Lyles, 316 So.2d 277 (Fla.1975)). In the order now on appeal, the trial court found that there was sufficient evidence to support a defense of voluntary intoxication. However, the trial court concluded that Davis had waived the voluntary intoxication defense because he had abandoned it in favor of another prior defense that he was sleeping in the co-defendant’s home at the time of the crimes. This appeal followed.
We hold that the trial court made a sufficient inquiry as to the discussions between Davis and his attorney as to the intoxication defense and that the trial court did receive evidence of the factual basis pertaining to *1143 that defense. Moreover, the evidence offered by Davis failed to show that a manifest injustice occurred. At the hearing on remand, Davis asserted through counsel that if allowed to withdraw his plea, he would rely not on the voluntary intoxication defense at trial, but rather on an alibi defense. In effect, Davis was using the voluntary intoxication defense solely as a ground to withdraw his previous plea. Having accomplished that, he planned to use the alibi defense at trial, a defense he already waived when he entered his original plea of guilty. By taking this posture, Davis failed to show manifest injustice in denying withdrawal of his plea based on the voluntary intoxication defense. We hold that the trial court did not abuse discretion and, therefore, affirm.
BOOTH, MICKLE and BENTON, JJ., concur.