PER CURIAM.
This is an appeal by the defendant Arnaldo Lugo from a trial court order denying his motion to vacate judgment and sentence filed pursuant to Fla.R.Crim.P. 3.850. The central point raised by the defendant on appeal is that his negotiated guilty plea in this cause was involuntary because the defendant was not personally aware that the fifteen-year sentence he received, pursuant to the plea agreement with the court, was a habitual offender sentence. We find no merit in this argument and affirm because it is clear from the testimony of the defendant’s former defense counsel in this cause that the defendant was fully aware that the fifteen-year sentence which the trial court offered to impose, upon the defendant’s guilty plea, was to be a habitual felony offender sentence.
The trial court made the fifteen-year habitual felony offender offer to the defendant and defense counsel in open court, which offer the defendant shortly thereafter accepted in a guilty plea colloquy conducted by the trial court. Although it is true that the trial court did not in this colloquy expressly state that the fifteen-year sentence to be imposed would be a habitual felony offender sentence, see Ashley v. State, 614 So.2d 486 (Fla.1993), the defendant was in no way prejudiced by this omission as that advisement was, in effect, given by the trial court immediately prior to the colloquy when the court made the subject offer to the defendant and his counsel; when the defendant subsequently accepted this offer after consulting with his counsel and being fully advised by counsel that the sentence he would receive would be a fifteen-year habitual felony offender sentence, it is clear that, in context, the defendant was completely aware that the fifteen-year sentence he was to receive would be a habitual felony offender sentence. Fla. R.Crim.P. 3.172(i) (“[flailure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice”); State v. Will, 645 So.2d 91, 93 (Fla. 3d DCA 1994); Williams v. State, 316 So.2d 267, 273-75 (Fla.1975).
We find no merit in the balance of the defendant’s arguments. The trial court order under review is, therefore, in all respects,
Affirmed.