PER CURIAM.
Defendant Black appeals an order revoking probation and imposing sentence.
In 1989, pursuant to the entry of a guilty plea, the trial court found the defendant guilty of dealing in stolen property, withheld adjudication and sentenced him to three years of probation. Later that year, the defendant admitted to violating his probation, and the trial court withheld adjudication and sentenced him to two years of community control. Several months later, the defendant admitted to violating the terms of community control, and the trial court again withheld adjudication and restored the defendant to community control with additional conditions. On June 13, 1995, the defendant admitted to violating his community control. Pursuant to an admission, the trial court adjudicated him *1153 guilty of dealing in stolen property and sentenced him to three and a half years of imprisonment (including a one-cell increase in the scoresheet range).
The defendant contends that the trial court’s finding of a factual basis for the admission was insufficient to satisfy the requirements of Koenig v. State, 597 So.2d 256 (Fla.1992) and its progeny, because the trial court solely relied on defense counsel’s stipulation to a factual basis for the entry of the defendant’s plea of admission. The state responds that a sufficient factual basis exists where the guilty plea was supported by the stipulation of a factual basis by the defense attorney, the affidavit of violation of community control, the arrest affidavit and warrant, and the defendant’s written plea of admission.
The trial court has considerable discretion to determine whether there is a factual basis for a plea. Williams v. State, 316 So.2d 267, 272 (Fla.1975). The circumstances of the case will often dictate the kind and amount of inquiry that is necessary. Id. The court may satisfy itself by statements and admissions made by the defendant, his counsel, and the prosecutor, by factual evidence heard or filed in the cause, or the presentence investigation report, but these are not the exclusive means for a trial court to reach a determination. Williams at 273. A trial court is free to utilize whatever procedure is best for the particular case before it. Id. Koenig and its progeny support the proposition that the trial court cannot rely on counsel’s stipulation if there is no other factual basis in the record to support it. Here, there is sufficient information in the record to support the court’s finding that there was a factual basis for the entry of the defendant’s plea of admission. Further, even if the court failed to comply fully with the ‘factual basis for the plea’ provision, vacating the plea is not the remedy. In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty as a matter of right once the plea has been accepted by the court. Williams at 274, citing Richardson v. State, 246 So.2d 771 (Fla.1971).
The record clearly shows that the plea was voluntary, and that the defendant understood the nature and consequences of his plea. There was sufficient information in the record supporting the court’s finding of a factual basis. Therefore, the trial court properly accepted defendant’s guilty plea, and the trial court’s order revoking probation and imposing sentence is affirmed.
Affirmed.