BROWNING, J.
This is an appeal from the denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We agree with two of Appellant’s three claims, reverse the trial court’s order as to those claims, and remand for attachment of portions of the record which conclusively refute Appellant’s claims or for an evidentiary hearing.
Appellant pled nolo contendere to driving under the influence with serious bodily injury, in exchange for his sentence of 36 months of incarceration followed by two years of probation. Thereafter, Appellant filed a timely rule 3.850 motion alleging three grounds for relief: (1) that his plea was involuntary because he was not informed of the statutory maximum of his crime; (2) that his counsel was ineffective for failing to withdraw Appellant’s plea despite Appellant’s request; and (3) that his counsel was ineffective for failing to file a direct appeal. We affirm the third issue without further comment. However, we hold that Appellant’s first and second claims are facially sufficient and should not have been summarily denied.
As to the first claim, a plea is involuntary if a defendant pleads to a crime when he is unaware of the maximum penalty of such crime. Ford v. State, 433 So.2d 1335 (Fla. 2d DCA 1983); Fla. R.Crim. P. 3.172(c)(1)- Appellant alleged that neither the trial court nor his counsel informed him of the statutory maximum of the crime, and that his counsel affirmatively misadvised him that his sentence would have a cap of 51 months. Appellant also alleged that he would not have pled “had counsel or the court ... advised him of the maximum penalties he could receive.” These allegations are not refuted by the record, which reveals that Appellant pled in exchange for a sentence of 36 months followed by two years of probation, that no written plea was executed, and that the trial court informed Appellant that, under the plea, “the most you can get is thirty-six months followed by two years of probation.” These facts do not demonstrate that Appellant knew that the statutory maximum for his offense was five years, or 60 months, of incarceration. See §§ 316.193(3)(c)(2), 775.082(3)(d), Fla. Stat. (2000). Thus, Appellant has stated a facially sufficient claim that his plea was involuntary.
As to the second claim, Appellant has stated a facially sufficient claim of ineffective assistance as to counsel’s failure to file a motion to withdraw the plea. Appellant’s allegation that his plea was involuntary is facially sufficient, and if the plea was, indeed, involuntary, counsel would be ineffective for failing to file a motion to withdraw the plea. Thus, unless the trial court can provide on remand portions of the record that conclusively refute Appellant’s allegations, the trial court must determine at an evidentiary hearing whether Appellant’s plea was involuntary and, if so, whether counsel failed to inform Appellant of his right to file a motion to withdraw the plea and whether Appellant would have exercised that right. See Jackson v. State, 801 So.2d 1024, 1026 (Fla. 5th DCA 2001).
We additionally note that the state, in responding to this Court’s order to show cause why the order should not be reversed, conceded that a remand for attachments or an evidentiary hearing is necessary. Accordingly, we REVERSE and REMAND as to the Appellant’s first and *856 second claims, and AFFIRM as to the third claim.
ERVIN and BOOTH, JJ., CONCUR.