957 So.2d 695 (2007)
Debra GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-3772.
District Court of Appeal of Florida, First District.
May 17, 2007.
Nancy A. Daniels, Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Terry P. Roberts, Esq., Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the trial court's denial of her Motion to Vacate Sentence/Withdraw Plea. Appellant did not file this motion until after she had been sentenced. Accordingly, in order to obtain relief, appellant must demonstrate that a refusal to allow appellant to withdraw the plea will result in manifest injustice. See Williams v. State, 316 So.2d 267, 273-74 (Fla.1975); Scott v. State, 629 So.2d 888, 890 (Fla. 4th DCA 1993). Because the trial court failed to address the only argument presented in appellant's motion, we reverse the order of the trial court and remand for further consideration.
The trial court appears to have denied appellant's motion solely because the Rules of Criminal Procedure fail to specifically provide a mechanism for relief under the facts of this case. While the trial court is *696 correct in asserting that there is no rule of criminal procedure designed to address this particular factual situation, that conclusion, alone, is insufficient to leave appellant without access to relief. See Williams, 316 So.2d at 273-74. (holding that while the Florida Rules of Criminal Procedure fail to set forth requirements for the withdrawal of a plea after sentencing, a defendant should be allowed to withdraw such a plea when the defendant proves the withdrawal is necessary to correct a manifest injustice). On remand, the trial court must determine whether, under the facts of this case, appellant has established that the denial of her request to withdraw her plea will result in manifest injustice.
REVERSED and REMANDED with instructions.
KAHN, LEWIS, and HAWKES, JJ., concur.