JACOBUS, J.
Samuel Woodall appeals the denial of his motion to withdraw plea, filed pursuant to Florida Rule of Criminal Procedure 3.170(i)- He argues the motion should have been granted because his plea was involuntary. We agree and reverse.
Woodall’s plea agreement covered two separate cases, 2007-CF-2689 and 2008-CF-098B. It disposed of the charges in a third case, 2008-CT-0064, with a nolle pro-sequi. In the first case (07-2689), Woodall was charged with aggravated assault with a deadly weapon, simple battery, resisting a law enforcement officer without violence, and criminal mischief. In the second case (08-988), he was charged with one count of aggravated assault with a deadly weapon. The third case (08-64) involved a charge for driving under the influence.
Before entering his pleas, Woodall was brought to trial in case number 08-983, which arose from an altercation between Woodall and his mother and stepfather. The State expected the evidence to show that an intoxicated Woodall went to his mother’s home to ask for money and became enraged when she refused. During his tirade, Woodall held a knife to his stepfather’s throat and threatened to cut off his head. His mother called the police. An officer arrived as Woodall was driving away in his truck. The officer stopped Woodall and found a knife under the driver’s seat. Woodall was arrested after the officer interviewed his parents. The stepfather gave a sworn verbal statement that Woodall grabbed him around the neck and held a knife to his throat during the incident, and the mother gave a sworn verbal statement describing the knife. The next day, the stepfather made the same sworn statement in writing. The knife found in Woodall’s truck matched the mother’s description.
The State was surprised by the victim’s testimony at trial. The stepfather said he did not see or feel a knife when Woodall grabbed him around the neck and threatened to cut off his head; rather, he just assumed Woodall had a knife. Woodall’s mother testified that she was in another room when Woodall threatened her husband. She also said she never saw a knife. The State impeached both witnesses with their prior inconsistent statements through the arresting officer’s testimony and the stepfather’s written police statement.
The trial court denied defense counsel’s motion for judgment of acquittal, but ultimately granted a mistrial when the jury could not reach a unanimous verdict. The court indicated the retrial would be held the following day and denied defense counsel’s motion for a continuance. At that point, the State and defense began discussing the possibility of a global settlement for all three of Woodall’s pending cases. The negotiations continued for some time. Woodall’s attorney told him, on the record, *421 that he had dodged a bullet, he was lucky he was not convicted, and the State’s plea offer was in his best interest. Woodall remained somewhat ambivalent toward entering a plea. He asked for more time to make a decision. The court gave Woodall until the next morning to enter a plea or go to trial.
The next morning, Woodall entered a plea that covered the two felony cases (07-2689 and 08-988), and the State nolle prossed the misdemeanor case (08-64). Woodall was sentenced in accordance with the plea agreement to a total of seven years’ imprisonment. He later filed a rule 3.170(£) motion to withdraw his plea, claiming it was involuntarily entered. The motion was denied after an evidentiary hearing, and Woodall appealed.
On appeal, Woodall continues to argue his plea was involuntary, raising several of the same grounds he presented in his motion below. We find it is only necessary to address one of these issues to resolve the appeal, and that is Woodall’s claim that his plea was rendered involuntary by defense counsel’s failure to advise him about the favorable legal ramifications of his mother and stepfather’s testimony in case number 08-983, which ended in a hung jury. He asserts that if he had been advised about the legal effect of their change in testimony, such as the resultant lack of substantive evidence of the charged offense, he would not have entered the plea agreement but would have proceeded again to trial.
In order to withdraw a plea after sentencing, a defendant must show a manifest injustice. See Williams v. State, 316 So.2d 267 (Fla.1975). The defendant can show a manifest injustice, for example, by proving his plea was involuntarily entered or that he was denied effective assistance of counsel. Id. at 273-74. A defendant who proves he received no advice from counsel about an available defense has a colorable claim of involuntariness and can demonstrate the requisite manifest injustice. See Panchu v. State, 1 So.3d 1243 (Fla. 4th DCA 2009);. Brazeail v. State, 821 So.2d 364 (Fla. 1st DCA 2002). We conclude Woodall met this standard in the present case.
Woodall will not be heard to say he does not know what the evidence is in case number 08-983, since he attended the trial and heard the testimony of every witness. Nevertheless, it is undisputed that defense counsel failed to advise him of any of the favorable defense implications of the evidence as presented at trial. In particular, the change in testimony by Woodall’s mother and stepfather at trial made it doubtful that the State could prevail on retrial. The impeachment of Woodall’s mother and stepfather at trial by their prior inconsistent statements was just that — impeachment evidence, which cannot be used as substantive evidence to prove he actually possessed a deadly weapon (i.e., the knife). See S.L. v. State, 993 So.2d 1108 (Fla. 4th DCA 2008); Santiago v. State, 652 So.2d 485 (Fla. 5th DCA 1995). Moreover, if the mother and stepfather testified on retrial consistently with their original police statements, they would be subject to impeachment with their testimony from the first trial.
Defense counsel did not explain any of this to Woodall. As a result, his plea was not voluntarily, knowingly, and intelligently entered, and he should have been permitted to withdraw it even after sentencing. To clarify, we do not hold that the State cannot prevail on a retrial in 08-983 (for example, on a lesser charge), but only that defense counsel should have explained the favorable legal effect and defense implications of the evidence at the mistrial. Woodall was prejudiced because he would not have entered the plea agreement had *422 counsel advised him that a lack-of-substantive-evidence defense was available. See Williams; Panchu; Brazeail.
Woodall indicated at the motion hearing that he understands the consequences of withdrawing his negotiated plea. That is, he knows it will put him in the same position in which he began, and the State can reinstate all of the charges in all three cases. See Forbert v. State, 437 So.2d 1079 (Fla.1983); Geiger v. State, 532 So.2d 1298 (Fla. 2d DCA 1988). Woodall will then be entitled to a jury trial in each of those cases.
In sum, we conclude the trial court abused its discretion in denying Woodall’s rule 3.170(Z) motion to withdraw plea. We therefore reverse and remand for the trial court to enter an order allowing Woodall to withdraw the plea and to conduct further proceedings consistent with this opinion.
REVERSED and REMANDED with instructions.
ORFINGER, J., concurs,
LAWSON, J., concurring and concurring specially, with opinion, in which ORFINGER, J., concurs.