*1076
 
 PER CURIAM.
 

 The State of Florida timely appeals the trial court’s order granting Jeffrey Hollo-man’s postconviction motion to withdraw his plea. Holloman’s motion was based upon a conflict of interest that existed when the Public Defender’s Office was representing both Holloman and the State’s witness. The State argues that although the overlap in representation created a potential conflict, Holloman failed to demonstrate that this potential conflict caused him such harm or prejudice that withdrawal of the plea is necessary to correct a manifest injustice. Because we find merit to the State’s contention, we reverse and remand for further proceedings.
 

 On January 8, 2010, Holloman pleaded guilty to child abuse and was sentenced to a downward departure sentence of four years probation. One year after sentencing, Holloman filed a motion to withdraw his plea based upon the fact that there was a conflict of interest as the Public Defender’s Office represented both Holloman and the victim’s mother, Wendy Nicole Sauls, a primary witness for the State. The conflict apparently occurred when the Public Defender’s office represented Holloman from October 10, 2009, to January 10, 2010, and represented Sauls in an unrelated case from October 2, 2009, through November 24, 2009. The trial court held a hearing on Holloman’s motion; however, it was not an evidentiary hearing and it merely consisted of arguments of counsel and a proffer. After the hearing, the trial court concluded that although a manifest injustice was not apparent, the failure to apprise the court of the conflict and obtain a record waiver from Holloman was a fatal flaw requiring that the plea withdrawal be permitted.
 

 In order to withdraw a plea “after a sentence is imposed, the burden is on the defendant to prove that a manifest injustice has occurred[.]”.
 
 LeDuc v. State,
 
 415 So.2d 721, 722 (Fla.1982);
 
 see also Miller v. State,
 
 814 So.2d 1131, 1132 (Fla. 5th DCA 2002) (“[T]he standard applicable to cases in which a defendant seeks to withdraw a plea after sentencing” is that the “withdrawal of the plea is necessary to correct a manifest injustice.” (citing
 
 Williams v. State,
 
 316 So.2d 267 (Fla. 1975))). A manifest injustice may be demonstrated where the defendant proves he was denied the effective assistance of counsel.
 
 Woodall v. State,
 
 39 So.3d 419, 421 (Fla. 5th DCA 2010) (citing
 
 Williams v. State,
 
 316 So.2d 267, 273-74 (Fla.1975)). When a defendant claims ineffective assistance based on conflict of interest, a presumption of prejudice exists “if the defendant demonstrates that counsel ‘actively represented conflicting interests’ and that ‘an actual conflict of interest adversely affected his lawyer’s performance.’ ”
 
 Alessi v. State,
 
 969 So.2d 430, 435 (Fla. 5th DCA 2007) (quoting
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
 

 The problem in this case is that there was no evidentiary hearing and, as a result, it is unclear whether Holloman’s counsel was actually aware of the conflict and whether it adversely affected the lawyer’s performance. Further, there was no other proof of prejudice rising to the level of a manifest injustice, particularly in light of the fact that Holloman received a favorable plea agreement. Accordingly, the order of the trial court is reversed and the matter is remanded to the trial court to conduct an evidentiary hearing for a determination as to whether trial counsel was aware of the conflict of interest and whether the conflict itself adversely affected the lawyer’s performance in his representation of Holloman.
 

 
 *1077
 
 REVERSED and REMANDED with instructions.
 

 MONACO, EVANDER and JACOBUS, JJ., concur.