316 So.2d 282 (1975)
Ronnie Everett Urqurhart GRANT, Petitioner,
v.
STATE of Florida, Respondent.
No. 46687.
Supreme Court of Florida.
June 25, 1975.
James A. Gardner, Public Defender, and Harold H. Moore and Robert Tyrie Benton, II, Asst. Public Defenders, for petitioner.
Robert L. Shevin, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., for respondent.
OVERTON, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the Second District Court of Appeal reported at 303 So.2d 425 (Fla.App.2d 1974). The decision sought to be reviewed conflicts with Lyles v. State, 299 So.2d 146 (Fla.App.1st 1974).
At issue is the failure of the trial judge to properly determine a factual basis for the guilty plea, as required in Rule of Criminal Procedure 3.170(j). The Second District certified, as being of great public interest, the same question as is set forth in Williams v. State, 316 So.2d 267 (Fla. 1975), and Hall v. State, 316 So.2d 279 (Fla. 1975). We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
This was a negotiated plea. The defendant was charged with second degree murder and, as a result of negotiations, entered a plea of guilty to manslaughter and was sentenced to 15 years imprisonment. *283 The record establishes that the plea was voluntarily made with a full understanding of the consequences.[1] The fact that this is a negotiated plea is a factor to be considered, but it is not controlling. There is no showing of any kind of prejudice or manifest injustice by the defendant, and Williams v. State, supra, is therefore controlling. The decision of the District Court is affirmed.
It is so ordered.
ADKINS, C.J., ROBERTS and ENGLAND, JJ., and CARLISLE, Circuit Judge, concur.
NOTES
[1] The defendant, in addition to appearing personally before the trial judge, issued a written request for a waiver of trial and to enter a plea of guilty to the lesser offense of manslaughter. The written request is as follows:

"Waiver of Trial
"I, the defendant herein, having been advised of the nature of the charge(s) pending against me, to wit: Murder in the Second Degree 782.04(2), the maximum sentence therefor Life D.O.C. a/o 10,000 and the lesser included crimes within such charge(s), the range of allowable punishments thereunder, possible defenses to the charges, circumstances that might tend to reduce the punishment thereof, and all other facts essential to a broad understanding of the charges against me, do hereby freely and voluntarily waive and relinquish my rights:
1. To a trial by jury or trial before the Court
2. The right to confront my accusers
3. The right against compulsory self-incrimination
and expressly request the Public Defender or the Assistant Public Defender to enter a plea of guilty in my behalf to the charge of: Manslaughter 782.07 F2° Max. Penalty 15 yrs. a/o 10,000.
 /s/ Ronnie Everett Urqurhart Grant
 Defendant
 Dated: 5-16-74"