318 So.2d 571 (1975)
Ronald Ray MONROE, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1227.
District Court of Appeal of Florida, Fourth District.
September 5, 1975.
*572 Richard L. Jorandby, Public Defender, and Lois J. Frankel, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant, charged with robbery, entered a negotiated plea of guilty to aggravated assault, whereupon he was adjudicated guilty and sentenced to five years imprisonment. His appeal therefrom is based solely on the ground that the court accepted his plea without first determining, as required by Rule 3.170(j) RCrP, that there was a factual basis for the plea of guilty.
At the time the plea was accepted the court conducted only a limited inquiry. As appellant contends, the record does not reflect a factual basis for the plea of guilty as required by the above cited rule. However, before reversal is required appellant has the burden to demonstrate clear prejudice or a manifest injustice resulting from such omission. Williams v. State, Fla.Sup.Ct., 316 So.2d 267, opinion filed June 23, 1975. Appellant is able to *573 meet that burden (at least until further facts are established). In response to the court's inquiry, appellant disclaimed (without one shred of contradiction from any source) the use of a deadly weapon in committing the assault. This is an essential element of the crime of aggravated assault, see, Fla. Stat. § 784.04 (1973), and when the only facts then before the court affirmatively showed its absence, it became incumbent upon the trial court not to accept the plea of guilty unless and until additional facts were adduced from which the court might reasonably infer that a deadly weapon had been used in committing the assault.
The inquiry which the court should conduct in order to determine that there is a factual basis for the plea of guilty need not be a "mini-trial", and the plea may be accepted in spite of the defendant's protestation of innocence or his denial of an essential element of the crime, if there is otherwise in the record matters from which the court may determine that there exists a factual basis for the plea. Some of the means by which the court may satisfy itself in this respect are through statements and admissions made by the defendant, or by his counsel, or by the prosecutor, or by factual evidence heard from witnesses before the court at the time of the plea hearing, or by factual evidence heard from witnesses before the court at some prior stage of the proceedings (such as preliminary hearings or motions to suppress), or by depositions taken and filed in the cause. Williams v. State, supra; See also, Church v. State, 299 So.2d 649 (4th DCA Fla. 1974). It is not a matter of weighing the evidence but only to fulfill the purpose of the rule which is to make certain that a defendant does not plead guilty to an offense of which he could not possibly be guilty. Whatever method is employed by the court in making this determination, if it takes into account matters not developed at the plea hearing itself, the court should indicate for the record the source of the factual information supporting the plea.
At the plea hearing neither the prosecutor nor defense counsel made any effort to supply the court with factual statements or with the testimony of witnesses to show a factual basis for the plea. The responsibility of seeing that the requirements of Rule 3.170(j) RCrP are followed does not rest solely with the trial judge, but both trial counsel are ethically bound to share this responsibility. Both the prosecutor and defense counsel should assist the trial court in making certain that the scope of inquiry is sufficient to establish on the record all of the prerequisites prescribed by the rule before a plea of guilty is accepted. The plea procedure as prescribed by the rule is designed to protect the defendant, not to provide him with a procedural technicality to avoid the administration of justice. Hall v. State, Fla. Sup.Ct., 316 So.2d 279, opinion filed June 23, 1975. All too frequently both counsel permit their advocacy to blind them to their duties to the court and to the administration of justice. If counsel will do more to aid the trial court in seeing that the requirements of the rule are scrupulously followed, there undoubtedly will result a substantial decrease in the number of appeals taken from judgments entered on guilty pleas.
The judgment is reversed and this cause remanded to the trial court for the purpose of the trial court receiving evidence of a factual basis for the plea. If there is evidence of a factual basis for the plea, the plea may be accepted and the judgment and sentence reentered with appropriate credit for time served; if there is no factual basis for the plea, it should not be accepted by the court.
Reversed and remanded.
WALDEN, C.J., and KAPNER, LEWIS, Associate Judge, concur.