616 So.2d 1067 (1993)
Armando SUAREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-941.
District Court of Appeal of Florida, Third District.
April 6, 1993.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
*1068 Robert A. Butterworth, Atty. Gen., and Stephanie G. Kolman, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Armando Suarez, appeals his convictions and sentences for armed burglary, armed robbery, armed kidnapping and aggravated assault. We affirm.
Appellant agreed to plead guilty to all charges in exchange for a thirty year habitual offender sentence. At the plea colloquy, appellant's counsel stipulated to a factual basis for each count, and did not raise a defense to the charges.
The trial court questioned appellant about his habitual offender status. Specifically, the court asked appellant if he understood that he was waiving his right to notice and a hearing about habitual offender classification. Appellant replied, "I understand, but I am not a habitual. I'm not a delinquent." However, after seeing certified copies of his prior convictions, appellant admitted that the convictions were his.
The trial court concluded its thorough plea inquiry and determined that appellant voluntarily entered into and accepted the plea. The trial court then accepted appellant's plea.
Appellant contends the trial court erred because: 1) the plea was deficient in that the court failed to determine an adequate factual basis pursuant to Koenig v. State, 597 So.2d 256 (Fla. 1992); 2) the court failed to make the required statutory findings that appellant was a habitual offender; and, 3) appellant cannot receive a thirty year sentence for aggravated assault, a third degree felony.
Appellee, State, asserts that: 1) there is no prejudice or manifest injustice in the plea; 2) appellant waived notice and hearing on his habitual offender status; and 3) the trial court indeed erred in sentencing appellant to thirty years on the aggravated assault count.
In discussing appellant's first point, we note that Koenig v. State, 597 So.2d 256 (Fla. 1992), is substantially different from this case. Koenig was a death penalty case where the trial judge failed to make a factual basis inquiry, and where the record did not affirmatively show that the defendant knowingly and intelligently entered into a plea. Id. at 258. Therefore, the court in Koenig had a basis to vacate the plea and death sentence.
Before accepting a guilty plea, a court must satisfy itself that there is a factual basis for the plea. The purpose of the factual basis is to avoid a defendant mistakenly pleading to the wrong offense. To preclude this possibility, the trial judge has considerable discretion to determine whether there is a factual basis for a plea. Williams v. State, 316 So.2d 267 (Fla. 1975).
In order to withdraw a guilty plea after sentence for lack of a factual basis, a defendant must show prejudice or manifest injustice. Williams, 316 So.2d at 275; Grant v. State, 316 So.2d 282 (Fla. 1975). In applying Williams to this case, we conclude that the record shows no manifest injustice. Indeed, in addition to the factual basis stipulation, the record reflects a sufficient factual basis in the arrest affidavit.
In accordance with the American Bar Association Standard of Criminal Justice 2.1 adopted in Williams, (a) appellant had the effective assistance of counsel; (b) the guilty plea was entered by him personally; (c) the plea was entered voluntarily with knowledge of the charge and the sentence that could be imposed; and (d) he received a sentence as contemplated by the plea agreement that he and his counsel negotiated with the State. Williams, 316 So.2d at 274.
Here, unlike Koenig, supra, the trial court complied with the requirements for determining the voluntariness of a guilty plea under Rule 3.172(c), Florida Rules of Criminal Procedure. The record affirmatively demonstrates appellant knowingly and intelligently entered into the plea.
Further, appellant neither contends he pleaded guilty to the wrong offense, nor that he has any defense to the charges. *1069 There is no record indication that appellant was prejudiced in any manner to justify vacating his plea. See Noles v. State, 407 So.2d 370 (Fla. 2d DCA 1981).
Turning to appellant's second point, we determine that appellant both accepted the habitual offender sentence and, expressly waived his right to a hearing under the habitual offender statute. Chalk v. State, 600 So.2d 1316 (Fla. 4th DCA 1992) (Anstead, J. concurring specially); Greenlee v. State, 591 So.2d 310 (Fla. 2d DCA 1991); Jefferson v. State, 571 So.2d 70 (Fla. 1st DCA 1990); cf. Harper v. State, 605 So.2d 994 (Fla. 5th DCA 1992). Any error in failing to make the requisite findings was harmless error. State v. Rucker, 613 So.2d 460 (Fla. 1993).
Prior to appellant's plea, the State filed a notice to enhance appellant's sentence pursuant to section 775.084, Florida Statutes (1991). At the plea, appellant reviewed certified copies of prior convictions and admitted that he committed the prior offenses. Additionally, appellant knew he was receiving a thirty year sentence when he could have received a maximum life sentence. Thus, the trial court complied with Ashley v. State, 614 So.2d 486, 487 (Fla. 1993).
Appellant's last point intersects with the State's concession that the aggravated assault count, a third degree felony, should be reduced to no more than ten years. Section 784.021(2) and § 775.084(4)(a), Fla. Stat. (1991). We remand to the trial court for resentencing on the aggravated assault count and otherwise affirm in all other respects.
Affirmed.