648 So.2d 294 (1995)
Conrad BLACKWOOD, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-855.
District Court of Appeal of Florida, Third District.
January 4, 1995.
*295 Don S. Cohn, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Doquyen T. Nguyen, Asst. Atty. Gen., for appellee.
Before COPE, LEVY and GODERICH, JJ.
PER CURIAM.
The defendant, Conrad Blackwood, appeals his sentence and the denial of his motion to withdraw his plea of nolo contendere. We affirm.
The defendant was charged by information with armed burglary and aggravated battery with a firearm. He pled nolo contendere to both counts. At the plea colloquy, both sides stipulated that "the facts contained in the information, and the other charging document in the court file, together with any testimonial evidence contained in either of the files, that all of those facts if proven, would have established a prima facie case." After the trial court concluded its plea inquiry and determined that the defendant had entered his plea knowingly and intelligently, the court accepted the plea.
Subsequently, the defendant filed a motion to withdraw his plea. He alleged that the record did not establish a sufficient factual basis to justify the acceptance of his plea. The trial court rejected his argument and denied his motion. He was then sentenced to a minimum mandatory term of three years imprisonment. This appeal follows.
On appeal, the defendant contends that the trial court erred by accepting his plea of nolo contendere where there was insufficient support in the record to establish a factual basis for the plea pursuant to Rule 3.172(a), Florida Rules of Criminal Procedure, and Koenig v. State, 597 So.2d 256 (Fla. 1992). We disagree. This Court previously stated in Suarez v. State:
Before accepting a guilty plea, a court must satisfy itself that there is a factual basis for the plea. The purpose of the factual basis is to avoid a defendant mistakenly pleading to the wrong offense. To preclude this possibility, the trial judge has considerable discretion to determine whether there is a factual basis for a plea. Williams v. State, 316 So.2d 267 (Fla. 1975).
In order to withdraw a guilty plea after sentence for lack of factual basis, a defendant must show prejudice or manifest injustice. Williams, 316 So.2d at 275; Grant v. State, 316 So.2d 282 (Fla. 1975).
616 So.2d 1067, 1068 (Fla. 3d DCA 1993) (emphasis added).
In this case, the record reflects a sufficient factual basis to sustain the convictions for armed burglary and aggravated battery with a firearm. The plea is supported not only by the factual basis stipulation quoted above, but also by the arrest affidavit, the information, and the victim's deposition. Suarez, 616 So.2d at 1068. Consequently, we conclude that the record shows no manifest injustice. The trial court properly denied the defendant's motion to withdraw his plea and imposed the sentence.
Accordingly, we affirm.