PER CURIAM.
In our opinion reversing the trial court’s summary denial of appellee’s motion for post-conviction relief which was grounded on the •claim that there was no factual basis for his plea, we instructed the court to either attach portions of the record supporting the order of denial or to hold an evidentiary hearing on the issue of whether there was a factual basis for the plea. Franklin v. State, 645 So.2d 166 (Fla. 4th DCA 1994). At a hearing after remand, the trial court erroneously believed that it could not consider the probable cause affidavit or any other evidence. The court vacated the plea and ordered the case to be set for trial. The state appeals that order.
The purpose of Florida Rule of Criminal Procedure 3.172(a), which requires that the trial court be satisfied that there is a factual basis for a plea, is to insure that the plea is accurate, i.e., that the defendant does not plead to the wrong offense. Williams v. State, 316 So.2d 267, 271-72 (Fla.1975). If there is a lack of compliance with the rule, it does not follow that the plea must be vacated. Id. at 275. Rather the burden is on the defendant to show prejudice or manifest injustice. Id. at 274. See also Fla.R.Crim.P. 3.172(i).
A trial court may determine that a factual basis exists for a plea based on a probable cause affidavit. Mack v. State, 616 So.2d 109 (Fla. 4th DCA 1993). Accordingly the trial court should have considered the probable cause affidavit after our reversal and remand. We therefore again reverse and remand.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.