696 So.2d 442 (1997)
Ruben OTERO, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2570.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant initially agreed to plead guilty to charges of burglary of a dwelling, dealing in stolen property, and grand theft. Prior to sentencing, however, he moved to withdraw the guilty plea on the burglary charge only, and testified at the hearing on that motion that he had previously told his lawyer that he had not committed the burglary and in fact was living at the house which was burglarized. His former public defender testified that she informed him of all of the rights he would be waiving in exchange for the guilty plea, that he had told her that he did not commit the burglary, but he nevertheless advised her that he wanted to plead guilty.
The court denied his motion to withdraw the plea of burglary, and he appeals, arguing that there was no factual basis for this plea, citing Koenig v. State, 597 So.2d 256 (Fla. 1992).
We reject the State's argument that the issue was not preserved because we find that no objection was necessary. The failure to conduct an inquiry as to whether there is a factual basis for a plea may amount to fundamental error if it results in prejudice to the defendant or manifest injustice. See Dydek v. State, 400 So.2d 1255 (Fla. 2d DCA 1981); State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995). We find prejudice here, and therefore reverse the denial of appellant's motion to withdraw the guilty plea as to burglary.
GLICKSTEIN and STEVENSON, JJ., concur.