PER CURIAM.
Affirmed. The error, if any, in admitting the pre-Miranda statement of appellant was rendered harmless by his subsequent confession, the DNA evidence, and the many admissions appellant made to his mother and stepfather regarding the crime. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We do not find the admission of the post-Miranda statements to have been clearly erroneous, as the appellant’s mental condition is merely one of the factors to be considered under the totality of the circumstances to determine the voluntariness of a confession. See Thompson v. State, 548 So.2d 198, 204 (Fla.1989), cert. denied, 515 U.S. 1125, 115 S.Ct. 2283, 132 L.Ed.2d 286 (1995). There is sufficient evidence in the record to support the trial court’s denial of appellant’s motion to suppress.
As to the admission of portions of the appellant’s diary, the trial court has wide discretion concerning the admissibility of evidence, and in the absence of an abuse of discretion, its ruling regarding admissibility will not be disturbed. We find no abuse of discretion.
WARNER, SHAHOOD and GROSS, JJ„ concur.