ON REHEARING GRANTED

PER CURIAM.
Upon the State’s motion for rehearing we withdraw the opinion in this matter dated August 19, 1998, and substitute the following.
Defendant-appellant Jean R. Saint Aime appeals the denial of his Rule 3.850 motion based upon claims that he was misadvised by his counsel and his interpreter in connection with a plea agreement. We affirm.
In 1995, defendant was charged with felony murder and aggravated child abuse in connection with the death of his daughter. The child died after defendant severely struck her with a car door. The felony murder charge was a charge of first-degree murder as established in section 782.04(1), Florida Statutes (1995). First-degree murder is a capital crime punishable by death or life in prison.
In 1996, defendant entered a plea of no contest to the charge of second-degree murder, in exchange for (a) a reduction of the first-degree murder charge to second-degree *875 murder, and (b) a nolle pros of the aggravated child abuse charge. Defendant was sentenced to seventeen and one-third years in prison with credit for time served.
In 1997, defendant filed a 3.850 motion raising several issues: 1) counsel misadvised him about the maximum penalty he faced; 2) the trial court failed to advise defendant of the possible deportation consequences of his plea; 3) his plea was not voluntary because defendant was not apprised of the true nature of the charges or of the nature of the plea; 4) his plea was not voluntary because the interpreter failed to communicate his desire to plead to a lesser charge; 5) the trial court failed to establish a factual basis for the plea; and 6) counsel was ineffective for allowing the plea to be accepted without a factual basis.
In general, defendant’s claims spring from his mistaken belief that the charge against him was second-degree murder. Defendant’s motion states: “In the instant ease defendant initially considered entering a plea to a lesser charge based on defense counsel’s misadviee that if he went to trial on the charge of second-degree murder and was convicted by a jury on that charge he could receive the death penalty.” Clearly, defendant has misconstrued the facts as to the nature of the charge he was facing. As defendant was facing a first-degree murder charge, a capital felony, the possible penalties were death or life without parole. See § 775.082(1), Fla. Stat. (Supp.1994); id. § 782.04(l)(a) (1993).*
Defendant’s related claim that the interpreter failed to properly convey his intentions also arises from defendant’s mistaken belief that he was only charged with second-degree murder. In his motion, defendant states “[t]he defendant only considered entering a plea to a lesser charge such as manslaughter; but not second-degree murder and the interpreter was well aware of this but refused to convey this to the trial court.” In reality, defendant was charged with first-degree murder, and the second-degree murder charge was a lesser charge. The plea colloquy reflects that defendant’s counsel had discussed the fact that the second-degree murder offer was a reduced charge with defendant prior to the entry of the plea. We see no reasonable basis for defendant’s claim that the translation was faulty.
As to defendant’s claim that there was no factual basis for the plea, the arrest affidavit was a part of the record and, contrary to defendant’s argument, it sufficiently sets forth a factual basis for the charge of second-degree murder, including that defendant had committed “an act imminently dangerous to another and evincing a depraved mind regardless of human life.” § 782.04(2), Fla. Stat. (1993); see Blackwood v. State, 648 So.2d 294, 295 (Fla. 3d DCA 1995). As there was a sufficient factual basis for the plea, defendant’s corresponding claim of ineffective assistance of counsel by allowing a plea in the absence of such also fails.
Finally, the transcript of the plea colloquy demonstrates that defendant was advised of the possibility of deportation.
Affirmed.

The date of the crime was September 16, 1995.