770 So.2d 703 (2000)
Johanne CUEVAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3926.
District Court of Appeal of Florida, Fourth District.
October 11, 2000.
Rehearing Denied November 28, 2000.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, *704 Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Johanna Cuevas pled guilty to felony battery, a third degree felony. Because it was a hate crime, the charge was enhanced to a second degree felony and she was sentenced to ten years in prison. She then moved to withdraw her plea on the grounds that she did not know that she was pleading to a hate crime. The court denied her motion. She then appealed on the ground that she was sentenced for a crime that was never charged, or alternatively that there was no factual basis for her plea. We affirm her conviction, and the denial of her motion to withdraw the plea.
The information charging Cuevas with the above crime read as follows:
I. FELONY BATTERY-HATE CRIME
* * * *
JOHANNA CUEVAS ... did then and there commit a battery upon [the victim] by actually and intentionally touching or striking [her] against her will and the commission of this offense evidences prejudice based on ... sexual orientation... of [the] victim ... contrary to F.S. 784.041, F.S. 777.011 and F.S. 775.085....
During the plea colloquy, the trial court informed Cuevas that she had been accused of felony battery, that it was a third degree felony, but that because the crime was motivated by some type of hate, the charge was upgraded to a second degree felony. The court fully explained the hate crime charged against her, the maximum sentence she could receive, and the ramifications that a guilty plea would bring. The state proffered as a factual basis for the plea that had the case gone to trial, it would have introduced the "testimony of witnesses to support the charge of felony battery, as the hate crime motivation factor was sexual orientation of the victim. She's a declared lesbian and it's, therefore, part of the statutory protected class." The state further explained that Cuevas, in conjunction with others, traveled down to Broward County from Orlando for the purpose of beating up the victim, who was in a rival gang. It explained that Cuevas' gang abhorred homosexual activity and because the victim was a lesbian, she and her friends beat her up. Cuevas admitted to these facts and then pled guilty.
Four months later at sentencing, the state informed the court that Cuevas had not cooperated with her end of the plea agreement. The court sentenced her to ten years in prison, a sentence which was less than the maximum permitted. Cuevas then moved to withdraw her plea and set aside her sentence. She claimed that she was never informed and the plea colloquy did not reflect that the victim fell within any defined class. She maintained that at best she committed a misdemeanor battery. The trial court denied the motion, and this appeal followed.
Cuevas now argues that her sentence is fundamentally erroneous because it shows she was convicted of a crime with which she was never charged. She maintains that the record reflects that at most she pled guilty to misdemeanor battery. The state argues that Cuevas did not preserve this issue for appeal because she objected on a different ground below.
It is fundamental error where a defendant pleads to one crime but is convicted of a greater crime with which he was never charged. See Fulcher v. State, 25 Fla. L. Weekly D323 (Fla. 4th DCA Feb.2, 2000)(holding a conviction on a charge not made by the indictment or information is a denial of due process of law) (citations omitted). However, fundamental error did not occur in this case. While the body of the information did not trace the language of the felony battery statute, section 784.041, Florida Statutes *705 (1999),[1] it expressly referenced this statute and, as such, was legally sufficient. See id.
Cuevas alternatively argues that there was no factual basis to support her plea to a felony as opposed to a misdemeanor under Florida Rule of Criminal Procedure 3.172 and Koenig v. State, 597 So.2d 256 (Fla.1992). She specifies that the state did not expressly proffer that it would show that Cuevas intended to cause great bodily harm, permanent disability, or permanent disfigurement to the victim. Since she did not raise this issue below, the court's failure to conduct an inquiry as to whether there was a factual basis for a plea may amount to fundamental error only if it resulted in prejudice to the defendant or manifest injustice. See Wuornos v. State, 676 So.2d 966 (Fla.1995)(noting that failure to follow procedures of rule 3.172 shall not render a plea void absent a showing of prejudice); Otero v. State, 696 So.2d 442 (Fla. 4th DCA 1997)(holding failure to conduct inquiry as to whether there was factual basis for defendant's guilty plea was fundamental error, which required reversal of trial court's denial of motion to withdraw his plea, even in absence of objection to this lack of inquiry, where defendant's public defender testified that defendant had told her that he did not commit burglary but nevertheless wanted to plead guilty); Fla. R.Crim. P. 3.172(i)("Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice.").
In this sense, and while the state did not expressly proffer a factual basis for this element of the felony battery charge, Cuevas' argument fails because she has not established that any prejudice or manifest injustice occurred. Specifically, the arrest warrant stated that Cuevas continuously beat the victim until ordered to stop and that the victim was thereafter transported to the hospital due to her injuries from the beating; the information specified that the charge against Cuevas was felony battery motivated by hate; prior to the plea the court explained to her that she was being charged with a second degree felony; the state proffered that if the case went to trial it would introduce testimony to establish the elements of felony battery, and explained that Cuevas subjected the victim to the beating because of her sexual preference. Thus, there was sufficient evidence in the record that put both the court and Cuevas on notice of exactly what crime she was pleading to. See Wuornos, 676 So.2d at 969 ("The colloquy between the trial court and Wournos is not a model, but it nevertheless is apparent from the overall thrust of the conversation that Wournos knew the import of the plea."); Saint Aime v. State, 723 So.2d 874 (Fla. 3d DCA 1998) (rejecting defendant's Florida Rule of Criminal Procedure 3.850 claim that there was no factual basis for the plea where the arrest affidavit was a part of the record and sufficiently set forth a factual basis for the charge), rev. denied, 740 So.2d 528 (Fla.1999); Blackwood v. State, 648 So.2d 294 (Fla. 3d DCA 1995) (holding depositions or police affidavits were sufficient to support a factual basis otherwise stipulated to by the parties in an attempt to vacate a plea based upon a lack of voluntariness in entering the plea). Accordingly, we affirm.
AFFIRMED.
GUNTHER and STONE, JJ., concur.
NOTES
[1] Section 784.041 provides,

(1) A person commits felony battery if he or she:
(a) Actually and intentionally touches or strikes another person against the will of the other; and
(b) Causes great bodily harm, permanent disability, or permanent disfigurement.
(2) A person who commits felony battery commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 784.041, Fla. Stat. (1999).