886 So.2d 1032 (2004)
Kenneth JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3709.
District Court of Appeal of Florida, Fourth District.
November 10, 2004.
*1033 Lewis A. Fishman of Lewis A. Fishman, P.A., Plantation, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant moved to withdraw his plea for the charges of kidnapping, robbery, and aggravated fleeing and eluding. He claimed both that the pleas were not supported by a sufficient basis as required by Florida Rule of Criminal Procedure 3.172(a) and that he was not represented by conflict-free counsel during the motion to withdraw. We affirm, concluding that the probable cause affidavit provided a sufficient factual basis and appellant was represented by conflict-free counsel at the second hearing on the motion to withdraw.
Appellant agreed to plead guilty to the charges against him in exchange for a sentence of eight years in prison and two years probation. A condition of the plea required appellant to proffer testimony as to his explanation of the incident and then to testify against his co-defendant.
Several months after the plea was accepted by the trial court and the proffer was made, appellant moved to withdraw his plea, claiming that he misunderstood the condition requiring him to testify against his co-defendant. During the hearing on the motion to withdraw, appellant explained what his understanding of the plea was. In doing so, he made representations regarding what his counsel told him. At that point, his counsel disagreed and asked to withdraw. The court permitted withdrawal and appointed new counsel.
New counsel filed an amended motion to withdraw, adopting the original motion in which it was alleged that appellant misunderstood the terms of the plea and adding an argument that no factual basis was stated on the record sufficient to support the plea. At the hearing, counsel did not offer any further testimony on the misunderstanding of the plea. Counsel restated the earlier claim made by prior counsel and argued the lack of factual basis. The trial court denied the motion and ultimately sentenced appellant to thirty years on the most serious charges against him.
The trial court failed to make a determination that there was a factual basis for appellant's plea prior to accepting it, as required by Florida Rule of Criminal Procedure 3.172(a). However, Rule 3.172(i) provides that "[f]ailure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice." There was no prejudice in this case because the trial court could look at the probable cause affidavit and determine there was a factual basis for the plea. See State v. Franklin, 669 So.2d 339, 340 (Fla. 4th DCA 1996). Here, the probable cause affidavit contained sufficient facts for the court to accept appellant's plea, as it showed facts to render appellant liable for robbery and kidnapping under a principal theory. The mere fact that appellant provided a differing explanation to the detective in charge does not change this result. See Monroe v. State, 318 So.2d 571, 573 *1034 (Fla. 4th DCA 1975) (stating "plea may be accepted in spite of the defendant's protestation of innocence or his denial of an essential element of the crime, if there is otherwise in the record matters from which the court may determine that there exists a factual basis for the plea").
Moreover, it is the defendant's burden to show prejudice where the trial court has failed to place the factual basis for the plea on the record. Franklin, 669 So.2d at 340; Williams v. State, 316 So.2d 267, 274-75 (Fla.1975) ("[W]here the record clearly reflects the voluntariness of the plea and the fact that the defendant understood the nature and consequences of his plea agreement, the failure of the trial judge to fully determine whether the defendant mistakenly entered a plea to the wrong offense is no ground to vacate the plea absent a showing of prejudice or manifest injustice."). Appellant has not contended that he is innocent of the charges or that he pled guilty to the wrong offense. See State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995) (finding defendant failed to demonstrate that prejudice or manifest injustice resulted from court's failure to properly determine a factual basis for the plea when defendant did not contend that he was innocent of the charged crime or that he pled guilty to the wrong offense). No prejudice has been shown to have resulted from the court's acceptance of the plea without first determining there was a factual basis for it.
Appellant also claims that he was not afforded conflict-free counsel regarding his claim that the court should have allowed the withdrawal of the plea based upon his misunderstanding. The record belies this assertion. The hearing on the original motion was suspended when his counsel disagreed with some of appellant's representations regarding the plea negotiations. Counsel was permitted to withdraw, and the court appointed substitute, conflict-free counsel. At the second hearing on the motion, the second attorney adopted the prior motion and argued it very briefly. He did not offer any further evidence or testimony. However, the court afforded appellant the opportunity to raise anything he wished.
If appellant believes that he did not receive effective assistance of counsel, then he can raise it in a motion for postconviction relief. He has not shown that the court failed to afford him conflict-free counsel.
Affirmed.
SHAHOOD and MAY, JJ., concur.