GREEN, J.
This is an appeal from an order vacating appellee Nessim Jaime Sion’s plea to first degree grand theft on the grounds that a factual basis for the plea was not established other than through stipulation of counsel. We reverse as we conclude that apart from the stipulation of counsel, the record before the court disclosed a factual basis for the plea.
Sion was charged by information with one count of first degree grand theft of currency of $100,000 or more. According to the arrest affidavit in this case, Sion had been a patient of his medical doctor victim. Sion befriended the doctor and offered the doctor an opportunity to purchase stocks in a particular company. The doctor paid Sion $103,000 over a period of six months. At some point, Sion gave the doctor a stock certificate for $25,000 in shares. This stock certificate later proved to be a counterfeit certificate for shares that were never owned by Sion. The arrest affidavit further averred that upon learning of the police investigation into the matter, Sion made partial restitution of $25,000 to the victim and surrendered to the police in the presence of his attorney.
On July 24, 2003, Sion entered a plea of nolo contendere to the information in exchange for a withhold of adjudication, and two years of probation with special conditions.[1] During the plea colloquy, Sion was questioned as to his understanding of the charge against him; his understanding of *936 the terms of the plea agreement and the consequences of violating the conditions of probation; whether he was entering the plea freely and voluntarily and not under the effects of drugs; whether he understood the constitutional rights that he was relinquishing by entering the plea; and whether he was satisfied with the services of his attorney. The trial court also asked Sion whether he understood that by taking his plea, Sion could get deported or be subjected to other negative immigration consequences if he was not a United States citizen. Sion indicated that he so understood.[2]
On July 22, 2005, Sion moved to vacate and set aside his plea pursuant to Rule 3.850, Florida Rules of Criminal Procedure. He claimed that his plea was fundamentally deficient because the court failed to ascertain independently whether there was a factual basis for the plea apart from the stipulation of counsel. The only prejudice alleged was that at the time Sion was out of the country on business and was attempting to renew his visa to reenter the United States, but could not do so because of the plea.[3] The trial court denied this post-conviction motion as legally insufficient.
Sion appealed this order to this court in August 2005. On September 29, 2005, the trial court directed counsel to move this court to relinquish appellate jurisdiction for the trial court to reconsider its order. This court relinquished jurisdiction to the trial court. In a subsequent order, the trial court reversed itself and issued an order granting Sion’s motion to vacate and set aside the plea and judgment. Citing to Koenig v. State, 597 So.2d 256 (Fla.1992), the trial court found that “a stipulation with no factual basis in the record is insufficient.” The State then commenced the instant appeal.
The State argues that although the transcript of the plea colloquy does not reflect a recitation of the facts supporting a factual basis for the plea in the record, there was nevertheless evidence in the record before the trial court (i.e. complaint/arrest affidavit) to establish a factual basis for the plea. Hence, it argues, the trial *937 court’s reliance on Koenig is misplaced, as Koenig involved a death penalty plea where there was absolutely no record evidence of the crimes to which the defendant pled. We agree.
Prior to accepting a plea of guilty or nolo contendere, the trial court must be satisfied both that the plea is voluntarily entered and that there is a factual basis for it. Fla. R.Crim. P. 3.172(a). The main purpose for ascertaining a factual basis for a plea is to prevent a defendant from mistakenly pleading to the wrong offense. See Suarez v. State, 616 So.2d 1067, 1068 (Fla. 3d DCA 1993) (citing Williams v. State, 316 So.2d 267 (Fla.1975)). The Florida Supreme Court has held that a trial court has broad discretion in employing the procedure to be used to gather the factual information necessary to establish the elements of the offense to which the defendant has entered a plea of guilty.
We hold that the court may satisfy itself by statements and admissions made by the defendant, his counsel, and the prosecutor; by factual evidence heard or filed in the cause, i.e. preliminary hearings, motions to suppress, or depositions taken in the cause. Under appropriate circumstances, the presen-tence investigation report may be used to present this factual information to the trial court. These are not the exclusive means for a trial court to reach a determination. The trial court is free to utilize whatever procedure is best for the particular case before it to ensure that the defendant is entering a plea to the proper offense under the facts of the case. But whatever method is employed, the court should indicate for the record the source of the factual information supporting the plea.
Williams, 316 So.2d at 273. When a trial court fails to establish in the record the requisite factual basis for a plea of guilty, the vacation of the guilty plea, however, is not the sole remedy. Id. Indeed, in order to withdraw a guilty plea after sentencing for lack of a factual basis the defendant has the burden of establishing that a manifest injustice or clear prejudice has occurred. Id. at 274. James v. State, 886 So.2d 1032 (Fla. 4th DCA 2004); State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995); Blackwood v. State, 648 So.2d 294 (Fla. 3d DCA 1995); Suarez; Monroe v. State, 318 So.2d 571 (Fla. 4th DCA 1975).
In the instant case, we find no merit to Sion’s assertion that there was no factual basis in the record for his plea to the charged offense apart from his stipulation and the stipulation of his counsel. The arrest affidavit was a part of the record before the trial court at the time of Sion’s plea. Although the trial court did not specifically make a reference to this affidavit, the court did acknowledge that it had enough proof in court to send this case to a jury for its determination of Sion’s guilt. The arrest affidavit sufficiently set forth a factual basis for the charged offense of first degree grand theft. See Saint Aime v. State, 723 So.2d at 874, 875 (Fla. 3d DCA 1998). Indeed, according to this affidavit, Sion began to immediately make restitution to the victim upon learning of the criminal investigation into this matter. This, we think, was sufficient to constitute a tacit admission of guilt by Sion to the charged offense.
The record before us affirmatively establishes that Sion knowingly and intelligently entered into this plea agreement and that there was a sufficient factual basis in the record to support the plea. Given this fact, the trial court abused its discretion when it permitted Sion to withdraw his plea and it is wholly unnecessary for us to address Sion’s claim of prejudice or manifest injustice. See Williams (reversal of conviction for lack of factual basis *938 for plea not required unless record discloses that non-compliance with rule resulted in prejudice of harm to defendant) (citing Richardson v. State, 246 So.2d 771, 774 (Fla.1971)); Saint Aime, 723 So.2d at 875 (“As there was a sufficient factual basis for the plea, defendant’s corresponding claim of ineffective assistance of counsel by allowing a plea in the absence of such also fails.”).
Reversed and remanded.

. These conditions were as follows:
1) Sion pay restitution in the amount of $83,500 at a rate of $6,960 monthly during the first year of probation;
2) Sion be allowed to travel outside the country for business purposes;
3) Sion enter and successfully complete the theft course during the second year of probation;
4) Sion serve 75 hours of community service at the rate of 10 hours per month; and
5) Sion pay court costs.

. The court inquired as follows:
[Court]: Do you understand that this plea can get you deported if you are not a United States citizen?
[Defendant]: Yes. I am not a citizen.
[Court]: You are not a citizen?
[Defendant]: No.
[Court]: So do you understand that this plea can get you deported or some other negative immigration consequences?
[Defendant]: Yes.
[Court]: Do you understand that?
[Defendant]: Yes, I do understand.
During the course of the plea, the trial court stated that it found a factual basis for the plea and both the defense counsel and Sion stipulated as follows:
[Court]: I find a factual basis for the plea, does the defense so stipulate and waive PSI?
[Defense Counsel]: For purposes of the plea.
[Court]: I find proof in court enough for me to give your case to a jury so the jury would have had to decide if you were guilty or if you were not, but I find that you do not want to go to trial, I find that you do want to take this plea. I also find that you are alert, intelligent and you understand the charges against you and the consequences of the plea you have agreed to. I find you have been represented by a veiy good lawyer, Mr. Darwaresh, with whom you say you are satisfied with. I also find that you made the plea agreement freely, voluntarily and without any undo promises of coercion. Did you understand those findings that I just made?
[Defendant]: Yes, I did. In the legal terms that you used, I think I understand.
[Court]: Do you agree with what you understood me to say?
[Defendant]: Yes.

. Sion had completed his probation at this time.