THOMAS, J.
 

 Appellant challenges the trial court’s denial of his request to withdraw his nolo contendere plea, and the constitutionality of his sentence under Florida’s prohibition against double jeopardy. We reject Appellant’s double jeopardy claim without comment. We affirm the trial court’s denial of Appellant’s request to withdraw his plea.
 

 Facts
 

 Appellant was charged with one count of engaging in sexual activity with a minor, one count of lewd and lascivious battery on a victim over 12 but under 16 years of age, and one count of lewd and lascivious molestation of a victim over 12 but under 16 years of age. The State and Appellant entered into a sentence recommendation agreement, which Appellant signed, certifying that he agreed to plead nolo conten-dere and that he recognized the maximum sentence was 15 years’ imprisonment for each count. The recommendation incorporated, by reference, arrest reports generated by law enforcement as the factual basis for the agreement.
 

 During Appellant’s plea hearing, the trial court explained in detail the consequences of pleading nolo contendere and repeatedly warned Appellant that he could be sentenced to 45 years in prison. Appellant indicated he understood the trial judge’s questions, but when the .trial court asked him to enter a plea on the record, Appellant was unsure what he wanted to do. A recess was held and Appellant consulted his attorney, after which Appellant pled nolo contendere.
 

 Approximately one month later, but pri- or to sentencing, Appellant filed a motion to withdraw his plea. As grounds for the motion, Appellant argued he was uncertain when entering his plea, distraught, and incapable of making a rational decision. During a hearing on the motion, Appellant testified that he disagreed with the charges because “[he] didn’t do half of it.” When the trial court asked Appellant which half of the charges he disagreed with, Appellant responded only that he wanted to go to trial and wanted to withdraw his entire plea. Appellant testified he previously pled guilty to five felonies and understood what was happening when he entered those pleas, but “that was a different story” because “they only gave [him] probation.” The trial court denied Appellant’s motion, adjudicated him guilty, and sentenced him to 45 years’ imprisonment.
 

 Analysis
 

 We review the trial court’s denial of Appellant’s motion to withdraw his plea for an abuse of discretion.
 
 Reaves v. State,
 
 979 So.2d 1066, 1069 (Fla. 1st DCA 2008). Appellant’s motion to withdraw plea was filed under Florida Rule of Criminal Procedure 3.170(f). When considering a motion under rule 3.170(f), the trial court is required to allow the defendant to withdraw his plea where the defendant establishes good cause for withdrawal; upon a lesser showing, the rule allows the court to use its discretion.
 
 Rappaport v. State,
 
 24
 
 *755
 
 So.3d 1211, 1213 (Fla. 4th DCA 2009). “A defendant should be permitted to withdraw a plea if [he] files a proper motion and proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting [his] rights.”
 
 Smith v. State,
 
 840 So.2d 404, 406 (Fla. 4th DCA 2003) (emphasis omitted).
 

 Appellant argues that he should have been allowed to withdraw his plea because the trial court did not inquire about the factual basis for the plea, and Appellant was unaware of the factual basis for the charges when the plea was entered. Florida Rule of Criminal Procedure 3.172(a) requires the trial court to determine that a plea is voluntarily entered and that a factual basis for the plea exists.
 
 See also Suarez v. State,
 
 616 So.2d 1067, 1068 (Fla. 3d DCA 1993) (“The purpose of the factual basis is to avoid a defendant mistakenly pleading to the wrong offense. To preclude this possibility, the trial judge has considerable discretion to determine whether there is a factual basis for a plea.”).
 

 “Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice.” Fla. R.Crim. P. 3.172(i) (2006);
 
 see Otero v. State,
 
 696 So.2d 442, 442 (Fla. 4th DCA 1997). Thus, a trial court’s failure to inquire about the factual basis for a plea, as required by rule 3.172(a), results in reversible error only where the defendant establishes he was prejudiced by the error. For example, in
 
 Koenig v. State,
 
 597 So.2d 256, 258 (Fla.1992), the court held that a defendant’s attorney’s stipulation as to the factual basis for the plea was insufficient where the record contained no information establishing a factual basis for the alleged crimes.
 

 Here, although the trial court did not inquire about the factual basis for Appellant’s plea on the record during the plea colloquy or during the hearing on Appellant’s motion to withdraw, the record contains ample evidence establishing the factual basis for his plea.
 
 See James v. State,
 
 886 So.2d 1032, 1033-1034 (Fla. 4th DCA 2004) (holding no prejudice results where trial court failed to inquire about factual basis for defendant’s plea where the trial court could look at the probable cause affidavit and determine the factual basis). The sentence recommendation signed by Appellant expressly incorporated the arrest reports as the factual basis for the plea. The officer’s arrest reports contained a statement by one of the victims, post-Mmmda statements by Appellant wherein he admitted all charges, and summaries of numerous statements by the victims’ friends and family members. Appellant was aware of the statements contained in the arrest reports because he sought to exclude those statements through a motion in limine. By signing the sentence recommendation, Appellant certified that he reviewed the facts of his case with his attorney and that a factual basis for the plea existed. Thus, Appellant was not prejudiced by the trial judge’s failure to inquire on the record regarding the factual basis for the plea, because the trial court could look at the recommendation agreement and the arrest reports and determine a factual basis for the plea.
 
 See James,
 
 886 So.2d at 1034.
 

 Further, the record transcripts reveal that Appellant’s plea was knowing and voluntary. The trial court gave Appellant a detailed explanation regarding his rights and what pleading nolo contendere meant.
 
 See
 
 Fla. R.Crim. P. 3.172(c) (listing the requirements for determining whether a nolo contendere plea has been voluntarily entered). The trial court told Appellant several times that he was “taking his chances” by pleading “straight up” and he
 
 *756
 
 was facing a possible 45-year prison sentence. It is clear from the colloquy between Appellant and the trial judge that Appellant was more concerned with the result of his plea than the factual basis for the charges. Appellant was given ample opportunity to explain why he wished to withdraw his plea, but his only explanation was he wished to go to trial because he received a different punishment in this case than in his previous felony plea agreements.
 

 Based on the foregoing, Appellant failed to establish good cause for withdrawing his plea. The trial court’s denial of Appellant’s request was not an abuse of discretion because the trial court’s failure to determine a factual basis for the plea was not prejudicial.
 

 AFFIRMED.
 

 KAHN and DAVIS, JJ., concur.