# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1853
_____

ANDREW M. GOMEZ,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
James Daniel, Judge.


July 22, 2019

ON MOTION FOR CLARIFICATION

JAY, J.

Appellant's Motion for Clarification is denied, but we withdraw our previous opinion and substitute the following opinion in its place.

Appellant, Andrew M. Gomez, appeals from an order denying his petition for writ of habeas corpus, which the trial court construed as a postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we affirm.

## I.

Appellant pleaded guilty to two counts of second-degree murder in return for a sentencing range of 40 years to life on each count. He was sentenced to consecutive life sentences. This Court affirmed his convictions and sentences. *See Gomez v. State*, 83 So. 3d 713 (Fla. 1st DCA 2012).

In 2017, Appellant filed the instant petition for writ of habeas corpus, arguing that his guilty plea should be vacated because there was no factual basis for the charges. He alleged that there was no preexisting enmity between Appellant and the victims to support the depraved mind element of second-degree murder, and that there was no proof to tie him to the victims' deaths. While Appellant acknowledged that this claim could have been raised in his previous postconviction motions, he asserted that his claim should be considered on the merits to prevent a manifest injustice. The trial court dismissed the petition with prejudice, construing it as a successive and untimely rule 3.850 motion. The court also found the claim to be legally meritless.

## II.

On appeal, Appellant does not contest that his claim is untimely and successive. Rather, he contends that the lack of a factual basis for his guilty plea rendered it involuntary, and the failure to correct this issue would result in a manifest injustice.

This claim is not only procedurally barred, it is legally meritless. "The main purpose in ascertaining a factual basis for a plea is to prevent a defendant from mistakenly pleading to the wrong offense." *State v. Sion*, 942 So. 2d 934, 937 (Fla. 3d DCA 2006). "It is not a matter of weighing the evidence but only to fulfill the purpose of [Florida Rule of Criminal Procedure 3.172,] which is to make certain that a defendant does not plead guilty to an offense of which he could not possibly be guilty." *Monroe v. State*, 318 So. 2d 571, 573 (Fla. 4th DCA 1975). "The inquiry which the court should conduct in order to determine there is a factual basis for the plea of guilty need not be a 'mini-trial' . . . . [T]he court may satisfy itself . . . [by] statements and admissions made by the defendant, or by his counsel, or by the prosecutor . . .

." *Farr v. State*, 124 So. 3d 766, 778 (Fla. 2012) (quoting *Monroe*, 318 So. 2d at 573)).

Section 782.04(2), Florida Statutes (2009), defines second-degree murder as "[t]he unlawful killing of a human being, when perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual." As the Fifth District explained in *Sandhaus v. State*, 200 So. 3d 112 (Fla. 5th DCA 2016),

> [c]onduct that is imminently dangerous to another and evincing a depraved mind is characterized by an act or series of acts that: (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and (2) is done from ill will, hatred, spite, or an evil intent, and (3) is of such a nature that the act itself indicates an indifference to human life.

*Id.* at 114-15 (quoting *State v. Montgomery*, 39 So. 3d 252, 255-56 (Fla. 2010)).

This case arose when an 18-month-old child was found floating in a community pool. Appellant was found standing in the pool nearby, and initially refused to exit the pool when ordered to do so. The child's 18-year-old mother was discovered at the bottom of the pool. The water where the second victim was found was only three feet deep. Appellant—who was the adult victim's long-time friend—had scratches on his neck and chest.

When the police later questioned Appellant, he indicated that he, the child's mother, and the child were the only people at the pool that morning. He explained that he was holding the child in the pool and moving the child through the water in a way which prompted the child to tell him to stop. The mother entered the pool to take the child away from Appellant. He fought with the mother, pushing her until she drowned. Appellant dropped the child into the pool during the fight. He specifically admitted to killing the child's mother.

After the struggle, Appellant saw the child floating in the water. When asked why he didn't attempt to help the child, he stated that he didn't know why he didn't assist. Appellant also had no answer for why he didn't give the child back to her mother. The medical examiner determined that both victims died by drowning.

During the plea hearing, a factual basis was elicited, where the State explained that Appellant had drowned both victims, was found in the pool with their bodies, and had admitted that he was responsible for their deaths during his police interview. The State also noted that when Appellant was evaluated for sanity at the time of the offenses, the State's expert had found him to be sane and confirmed the facts uncovered during the police investigation, which indicated that Appellant was responsible for the victims' deaths. Defense counsel stated that he had no objection or exception to the factual basis for purposes of the plea.

Given this information, there was clearly a factual basis for the guilty plea. This factual basis was presented by the prosecutor during the plea hearing and supported by the arrest report. It was further reinforced by the evidence presented during sentencing. Under these circumstances, Appellant's claim is conclusively refuted by the record. *See Farr*, 124 So. 3d at 778; *see also Saint Aime v. State*, 723 So. 2d 874, 875 (Fla. 3d DCA 1998) ("As to defendant's claim that there was no factual basis for the plea, the arrest affidavit was a part of the record and, contrary to defendant's argument, it sufficiently sets forth a factual basis for the charge of second-degree murder . . . .").

AFFIRMED.

B.L. THOMAS and BILBREY, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

4

Andrew M. Gomez, pro se, Appellant.

Ashley Moody, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.